JOSEPH KEEGLE, PLAINTIFF-RESPONDENT, v. COUNTY OF HUDSON, DEFENDANT-APPELLANT.

CHARLES E. LILLIS, PLAINTIFF-RESPONDENT, v. COUNTY OF HUDSON, DEFENDANT-APPELLANT.

Decided November 13, 1923.

A municipal official who is discharged from service is not entitled to recover his salary for any period during which he did not actually perform service, unless the illegality of his discharge is admitted, or ascertained by a direct proceeding to set aside the dismissal. It cannot be inquired into collaterally in a suit to recover salary for services not performed.

Before Justices TRENCHARD and PARKER.

For the appellant, *Robert H. Doherty.*

For the respondent, *Lewis G. Hanson.*

PER CURIAM.

The legal principles to be applied in these cases are the same and the questions raised can be disposed of in one opinion.

In the action by Keegle the facts are that he was appointed by the defendant as fire custodian at the county farm of defendant at Snake Hill, subject to "An act regulating the employment, tenure and discharge of certain officers and employes of this state, and of the various municipalities and counties thereof, and providing for a civil service commission and defining its powers and duties" (*Pamph. L.* 1908, *p.* 235), and the amendments and supplements thereto. The defendant on December 2d, 1912, suspended plaintiff and refused to allow him to perform the duties of his service until December 12th, 1912, when he was again put to work for a short time and later discharged by defendant and remained

out of service until December 11th, 1913, when he was re-instated. In 1918 plaintiff brought this action to recover his salary at the rate of $75 per month for the period he was prevented from working because of his discharge or suspension, and recovered a judgment therefor from which the defendant has appealed.

The principal ground of the appeal is the refusal of the trial court to order a nonsuit. The plaintiff claimed that his dismissal was illegal mainly, if not entirely, because he was discharged without cause and without hearing, contrary to the provisions of the Civil Service act, *supra,* to which defendant answered that the position held by the plaintiff was abolished in the interest of economy and was legal. Therefore, the question of legality was a disputed one, and the illegality of the discharge was not admitted as in *Ross* v. *Freeholders of Hudson,* 90 *N. J. L.* 522. Instead of appealing to the civil service commission to test the illegality of his removal, plaintiff brought this suit for that purpose. In other words, he seeks to try his right to the office by suit for salary. This he cannot do, and it was error not to grant defendant's motion for a nonsuit.

In *Van Sant* v. *Atlantic City,* 68 *N. J. L.* 449, Mr. Justice Fort, speaking for this court, held that where a person is entitled to protection in office, unless there be charges and trial, a dismissal without them is void, and said: "But the official charged with the duty of discharging is acting judicially when doing so. His action is subject to review and may be reversed. Until reversed it stands. Whether there was or not a proper proceeding for dismissal cannot be inquired into collaterally. It must be reversed by a direct proceeding to set aside the illegal removal before suit for salary can be maintained." We think that public policy forbids the settlement of contested issues as to the legality of municipal action in the matter of offices or positions in a suit for salary where the right to salary is dependent on the legality of a discharge, especially in a case where the Civil Service act provides a prompt and effective method to settle the question before bringing suit for salary. The rule seems to be well settled in

this state that in the absence of any judicial ascertainment of the illegality of the discharge, or any agreement that it was illegal, no suit for salary for any period when the plaintiff did not actually perform the service will lie until the illegality is admitted, or ascertained by a proper proceeding.

In the action brought by Lillis the acts are practically the same, except that he seeks to recover for different periods, and also for the difference between the salary paid when he was first engaged as assistant county superintendent, and a reduced amount paid and accepted; but the same legal principles apply as in the previous case.

The judgment in each of these cases will be reversed.