### GEORGE H. ROBERTS, APPELLANT, v. THE CITY OF ORANGE, RESPONDENT.

Submitted February 13, 1926—Decided May 17, 1926.

On appeal from the Supreme Court, in which Circuit Court Judge Dungan (to whom the case had been referred for trial) filed the following opinion:

"This case was tried before the court without a jury upon an agreed state of facts, from which it appears that the plaintiff was a patrolman and member of the police department of the city of Orange from August 6th, 1900, to July 1st, 1924, on which date he was retired from said office. During the period from May 15th, 1922, to July 1st, 1924, the plaintiff was ill and performed no services and received only two months' salary in each of the years during said illness.

"On March 2d, 1915, the governing body of the city of Orange adopted a resolution that no more than thirty days' pay in any calendar year should be allowed to officers and patrolmen in the police department for absence from duty, either on account of sickness or otherwise. On June 6th, 1922, shortly after the beginning of plaintiff's illness, a resolution was adopted providing for sixty days' pay instead of thirty. The plaintiff was paid and accepted sixty days' pay during each of the two years covered by his illness.

"It is insisted that the plaintiff is entitled to receive the full pay appertaining to the position of patrolman from the beginning of his illness to the date of his retirement.

"Notwithstanding the decisions in other states, which, apparently, support that contention, it seems to me that the question is decided in this state by the case of *City of Hoboken* v. *Gear,* 27 *N. J. L.* 265, which was a case where a suit was brought by a discharged policeman whose office had been abolished, and the court holds (at *p.* 277) that: 'The government may abolish the office, and thereby terminate the service without a violation of contract. So, in the absence of constitutional restriction, the compensation or salary of public officers may be diminished, or their duties increased, or the mode of remuneration be changed during their continuance in office, without any infringement or violation of contract. An appointment to a public office, therefore, either by government or by a municipal corporation, under a law fixing the compensation and the term of its continuance, is neither a contract between the public and the officer that the service shall continue during the designated term, nor that the salary shall not be changed during the term of office. It is at most a contract that while the party continues to perform the duties of the office, he shall receive the compensation which may from time to time be provided by law.'

"By the resolution of March 2d, 1915, the governing body fixed the salary of patrolmen, when they were absent from duty, either on account of sickness or otherwise, subsequent to which the plaintiff continued to hold his office and to perform his duties, presumably with knowledge of that provision which, on June 6th, 1922, was made more favorable to him, and when the sixty days' salary in each of the two years of his illness was paid to him, he accepted it. The case of City of Hoboken *v.* Gear, above mentioned, provides that 'the right to the compensation grows out of the rendition of the services.' The opinion in the case of *Stuhr* v. *Curran,* 44 *N. J. L.* 181, in an opinion by Mr. Justice Van Syckel (at *p.* 191), says: 'The emoluments of office are presumed to be nothing more than an equivalent for the labor it imposes. In this country, where the cases almost uniformly discard

the idea of proprietary interest in such offices, the logical sequence is that the right to emolument must be regarded as having no legal existence except as arising out of the rendition of services for which they are compensatory.'

"In this case, during the period for which recovery is sought, no service was rendered by the plaintiff.

"In view, therefore, of the resolutions of the governing body of the city and the fact that no service was rendered by the plaintiff during the period of his illness, and that he has received all the compensation to which he is entitled under these resolutions, he is not now entitled to recover anything additional, and judgment, therefore, is hereby given in favor of the defendant, the city of Orange."

For the appellant, *William A. Lord.*

For the respondent, *William A. Calhoun.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons expressed in the foregoing opinion.

*For affirmance* — TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.