PATRICK FITZPATRICK ET AL., RESPONDENTS, v. CITY OF PASSAIC, APPELLANT.

Argued May 2, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Joseph J. Weinberger.*

For the respondents, *Gross & Gross, William George* and *Frederick S. Ranzenhofer.*

The opinion of the court was delivered by

LLOYD, J. Judgments were rendered for the plaintiffs, policemen and firemen of the city of Passaic, for salaries

claimed to be due them from the city under promotions made by Commissioner Preiskel, director of public safety, on May 16th, 1927. The city appeals.

The history of the cases is that on May 10th, 1927, Preiskel, who had been one of the five commissioners of the city for the four years preceding, was defeated for re-election. His term would expire on May 17th, 1927. On the day before, May 16th, he, as director of public safety, made twenty-three promotions in the police and fire departments, there being at that time in the police department ninety-seven members and in the fire department eighty-six. When the new commission organized on May 17th, one Turner was selected as director of public safety. Turner never recognized the promotions, nor were they confirmed by the board of commissioners. Thereafter, and until the bringing of these suits, the plaintiffs continued the performance of their former duties and received and accepted the compensation attached thereto.

Late in the year 1927 these actions were begun to recover the difference in salary between that previously received and that which would be due them if filling the offices to which they were promoted. No service in the new positions was ever performed.

The city contends that these promotions were against public policy; that it is an attempt to try title to office, and that the court erred in not giving judgments for the defendant because the plaintiffs never performed any duties in the offices to which they had been promoted.

Without going into the propriety or the validity of the wholesale promotions thus made by the commissioner on the eve of the expiration of his term of office, we think the judgments were wrong for the reason last urged. In the decision of this court in the case of *Hoboken* v. *Gear,* 27 *N. J. L.* 265, the nature of the relation between a municipality and one of its officers was carefully considered and the result reached that the "appointment to public office during a term of years and the acceptance of such office is not a contract between the government and an individual that the officer will serve

or that the government will pay during the period  \*  \*  \*. It is at most a contract that while the party continues to perform the duties of the office he shall receive the compensation which may from time to time be provided by law." That the right of recovery is dependent on the performanec of the duties is recognized in the case of *Erwin* v. *Jersey City,* 60 *Id.* 141, and the principle received approval by the Court of Errors and Appeals in the case of *Stuhr* v. *Curran,* 44 *Id.* 181, wherein it was said that "the right to the office or compensation does not grow out of any contract between the government and the officer, but arises from the rendition of the services," and in the very recent case of *Roberts* v. *Orange,* 102 *Id.* 721, the language used in both Hoboken *v.* Geer and Stuhr *v.* Curran is cited with approval, and from it is to be extracted the view that the right to emolument in public office "must be regarded as having no legal existence except as arising out of the rendition of service for which they are compensatory." The plaintiffs below at most held title to the office and nothing more. Having performed no service there was nothing upon which they could predicate a right to compensation.

The judgments are reversed.