MEYER HILLEL, ASSIGNEE OF JAMES DINAN, RESPOND-
ENT, v. BOROUGH OF EDGEWATER, APPELLANT.

MEYER HILLEL, ASSIGNEE OF EDWARD PICKERING, RE-
SPONDENT, v. BOROUGH OF EDGEWATER, APPELLANT.

MEYER HILLEL, ASSIGNEE OF ALEXANDER FLANNERY,
RESPONDENT, v. BOROUGH OF EDGEWATER, APPEL-
LANT.

Argued October 18, 1929—Decided May 19, 1930.

For the appellant, *William E. Ellis.*

For the respondent, *William George.*

The opinion of the court was delivered by

LLOYD, J. These cases were argued together and present
the same questions for consideration. The actions were to
recover salaries alleged to be due to certain police officers
of the borough of Edgewater during a period of suspension
from office, which claims had been assigned to the plaintiff.
The officers were convicted and sentenced in the United States
court for violation of the Federal Prohibition laws. Upon

conviction they were suspended from office on February 15th, 1927, by resolution of the mayor and council. On appeal to the United States Circuit Court of Appeals for the Second Circuit the convictions were reversed and the officers were thereupon on December 4th, 1928, reinstated to their former positions by the borough, the reinstatement to take effect immediately.

No appeal or review was sought by the officers to test the validity of their suspension.

Among the answers to the complaints as filed in the present actions were that the suspension had never been set aside or reversed, and that the officers did not perform or offer themselves as ready and willing to perform any of the services of a patrolman during the period of suspension. These defenses were with others struck out by the judge of the Circuit Court, and final judgments thereupon entered in favor of the plaintiff.

We think both answers presented legal defenses to the plaintiff's claim and that it was error to strike them out.

As early as 1859 it was decided by the Supreme Court in the case of *Hoboken* v. *Gear*, 27 *N. J. L.* 265, that "an appointment to public office in this state [even for a term of years] and the acceptance of such office is not a contract between the government and an individual that the officer will serve or that the government will pay during that period." It was likewise there held that the legality of the action of a municipal body in removing or suspending a police officer could not be determined in a collateral proceeding to recover salary. These principles have been reasserted from time to time, the last expression in this court being in the case of *Fitzpatrick* v. *Passaic*, 105 *N. J. L.* 103; *affirmed, Ibid.* 632.

Another principle growing out of these already referred to is that the right of recovery by a public officer is dependent on the performance of the duties of the office. *Stuhr* v. *Curran*, 44 *N. J. L.* 181, 188; *Erwin* v. *Jersey City*, 60 *Id.* 141; *Roberts* v. *Orange*, 102 *Id.* 721, and *Fitzpatrick* v. *Passaic*, *supra*. In the latter case it was declared "that the right to

emolument in public office must be regarded as having no legal existence except as arising out of the rendition of services for which they are compensatory." During the period for which the salaries were claimed the officers were under suspension. From this suspension (perhaps for reasons quite obvious) no appeal was taken by the officers and the suspension therefore stood unreversed and unimpeached at the time the present actions were brought.

It is unnecessary to go further into the discussion. The legal phases of the case are controlled by the explicit decisions of this court. From them it is to be extracted that public office is not a contract between the incumbent and the state or any of its governmental agencies, and the legality of removal or suspension from office cannot be assailed in a collateral proceeding to recover salary. In the office there is no property right. The emoluments of the office are bestowed on him who performs the services and not upon one who has failed to perform the services, except as under statutory legislation it is otherwise provided as in chapter 149, laws 1919. From what has been said it follows that it was error to strike out the portions of the answers to which reference has been made in this opinion.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.