ELMER J. SINNAMON, PROSECUTOR, v. CITY OF WILD-
WOOD, IN THE COUNTY OF CAPE MAY, ET AL., RE-
SPONDENTS.

Submitted January term, 1933—Decided July 25, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *A. J. Capiero* and *Edward F. Merrey.*

For the respondents, *Harry Tenenbaum* (*Carl Kisselman,*
of counsel).

PER CURIAM.

A writ of *certiorari* was allowed in this case to test the
alleged removal of the prosecutor as the sanitary engineer of
Wildwood. Wildwood operates under its own charter and the
Home Rule act of 1917, and is governed by a city commis-
sion under the Walsh act of 1912.

Sinnamon, the prosecutor, was appointed by the commis-
sion as sanitary engineer of the city on November 25th, 1930.
He was a world war veteran and claims that under the Tenure
of Office act he could not be removed.

The term of office of the commissioners appointing him
expired in May, 1932, when a new set of commissioners was
chosen. When elected the new commissioners requested Sin-
namon's resignation. It was refused and he was notified by
letter from the city clerk that one Weir had been appointed
as his successor. The commissioners adopted a resolution
appointing Weir on May 24th, 1932. On October 3d of the
same year, after the writ in this case had been allowed, the
office of sanitary engineer was abolished.

The prosecutor contends that he held a position for an indefinite term and that the various tenure of office statutes protected him from removal except for cause or if the position were abolished. The respondent replies that the prosecutor did not hold a position, but that a sanitary engineer is an officer holding for a definite term, to wit, the life of the term of the commissioners by whom he was appointed, and that later the office was abolished and the duties simply transferred to the city engineer without extra pay for the services.

The resolution of October 3d, 1932, would appear to be effective to terminate the office or position (whichever it was) and to confer the duties on the city engineer, so that action now looking to reinstatement would seem to be futile in its effects, except possibly to create a claim for services, and as there is no claim that services have been performed, no recovery could be had for these. *Keegle* v. *Hudson County*, 1 *N. J. Mis. R.* 583; *affirmed*, 102 *N. J. L.* 219; 130 *Atl. Rep.* 919; *Fitzpatrick* v. *Passaic*, 105 *N. J. L.* 103; 143 *Atl. Rep.* 728.

The notification in May, however, was not, we think, a legal removal of the incumbent, and it is, therefore, so determined.