FRANCES HART, PLAINTIFF-APPELLANT, v. BOROUGH OF HAWTHORNE, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-APPELLEE.

Argued October 5, 1937—Decided March 21, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the plaintiff-appellant, *Meyer Lobsenz.*

For the defendant-appellee, *Alexander M. MacLeod (I. Arthur Weiss,* of counsel).

BROGAN, CHIEF JUSTICE. The trial court directed a verdict for the defendant and the plaintiff appeals from the judg-

ment entered thereon. The plaintiff sued for salary attaching to the office of recorder of Hawthorne. These are the pertinent facts:

The plaintiff was appointed recorder of the borough of Hawthorne, a municipality governed by the provisions of the Walsh act (*Pamph. L.* 1911, *ch.* 221, *p.* 462, *&c.*), at the organization meeting of the governing body on May 21st, 1935, for a term of four years. One of the commissioners in charge of the department of public safety, conceiving that the appointment was illegal in that it should have been for a five-year term (*Pamph. L.* 1927, *ch.* 260, *p.* 481), appointed Harold Schoonmaker, who, up to that time, had been recorder, for a term of five years. Schoonmaker retained the office and refused to turn it over to Miss Hart. She filed an information in the nature of a *quo warranto* and succeeded in ousting Schoonmaker. 14 *N. J. Mis. R.* 173; *affirmed,* 117 *N. J. L.* 151.

Meanwhile, Schoonmaker had not been paid his salary, nor was any salary paid Miss Hart. After judgment was entered against him in the *quo warranto* action, Mr. Schoonmaker sued for the salary attaching to the office and as a *de facto* officer recovered judgment, which was paid. The office was surrendered to Miss Hart and her present suit is for the salary for the interval during which she had been excluded from the office.

At the trial, the plaintiff asked the court to direct a verdict in her favor. This was denied. The defendant, borough of Hawthorne, at the end of the case, asked for a directed verdict in its favor, which was granted. The action of the trial court in directing a verdict for the defendant and in rejecting the plaintiff's motion for a directed verdict is challenged as error.

The defense in the instant case was that Miss Hart, although a *de jure* officer, was not entitled to be paid for services which she did not render and which were performed by a *de facto* officer for which the latter was paid. This was a good defense. Such is the general rule. *McDonald* v. *Newark,* 58 *N. J. L.* 12.

The appellant argues that she was prevented by force from performing her duties. As to this, we observe that there is nothing in the testimony that supports that contention. It is true that the incumbent prevented her from taking over the office in question, but it is also true that he held the office under color of right since there was a resolution filed with the clerk of the municipality appointing him for a five-year term.

The only other question in the case that deserves special mention is the argument advanced by the appellant that she is entitled to recover her salary by virtue of chapter 149, *Pamph. L.* 1919, *p.* 323. This statute provides, in substance, that whenever a municipal officer or employe shall be illegally dismissed from office and the said dismissal shall have been set aside as illegal, such officer or employe shall be entitled to recover the salary for the period covered by such illegal dismissal. But, manifestly, that situation did not obtain here. The plaintiff was never dismissed from office and the statute should not be extended by construction beyond the limitation stated in it. In support of this contention, the appellant relies upon the case of *Ratajczak* v. *Board of Education of Perth Amboy,* 118 *N. J. L.* 311, recently decided by this court. The facts of that case were quite different. There the plaintiff, a school janitor in the employ of the defendant, was dismissed, and another appointed in his place. The Commissioner of Education, the State Board of Education, the Supreme Court, on *certiorari* (114 *Id.* 577), and the Court of Errors and Appeals (116 *Id.* 162), all concurred in the finding that the dismissal was unlawful. Under the circumstances, the plaintiff there recovered the salary under the pertinent statute, *supra.* That is quite different from this case, but the appellant, none the less, insists that because the Supreme Court, in its opinion, refers to the plaintiff in that case as an "excluded" officer or employe that she, too, was "excluded" as recorder. A careful reading of the opinion (*Ratajczak* v. *Board of Education, supra*) convinces us that the court used the word "excluded" as synonymous with "dismissed." It cannot be said that the court intended to extend the language

of the statute beyond its plain limitation. In the first place, there was no occasion to do so and, secondly, statutes which change the rule of common law, as this statute did, must, by well settled authority, be strictly construed.

We conclude therefore that the judgment under review should be affirmed, with costs.