CHARLES SGANGA, PLAINTIFF-RESPONDENT, v. THE TOWNSHIP OF TEANECK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 4, 1943—Decided June 10, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Albert S. Gross.*

For the defendant-appellant, *Donald M. Waesche.*

The opinion of the court was delivered by

PORTER, J.    This appeal is from a judgment obtained by the plaintiff in the District Court for $500 representing salary as a police officer which he claims to be due from the defendant from the period of April 7th, 1942, to August 25th, 1942.

The facts seem to be undisputed. The plaintiff has been employed as a police officer by the defendant since 1928. The salary, as provided by ordinance, is $2,500 per year. The plaintiff suffers from defective vision; and from the period July 31st, 1941, to April 7th, 1942, this condition rendered him unable to perform other police duties, and he was consequently assigned to desk work in the police department. Because of that disability he applied to be retired on a pension, under *N. J. S. A.* 43:16-2, on the claim that he was

permanently disabled due to his defective vision. The pension board denied his application on the ground that his disability might be corrected by an operation. He refused to submit to the operation. He obtained a writ of *certiorari* to review the action of the Pension Commission, which was dismissed by Mr. Justice Bodine, who held that since it appeared from the testimony that there was doubt as to the permanency of the disability and that by operation it might be cured, he was not entitled to a pension until that fact was determined. The defendant, concluding that he was physically unable to perform the duties of a police officer, by resolution granted him a year's leave of absence at half salary. The plaintiff has rendered no services to the defendant since March 31st, 1942.

The instant suit is to recover salary which plaintiff claims to be due him from April 7th, to August 25th, 1942. A previous suit for salary claimed to be due, prior to these dates, was instituted and settled by the parties and a release executed by the plaintiff. The defendant alleges this release to be a bar in part to the instant suit. The release is ambiguous as to the period covered by it, but it need not be interpreted because we think that the judgment must be reversed on other grounds.

It is the contention of the plaintiff that he is ready and willing to perform his duties, and has been prevented from doing so by the action of the defendant in placing him on sick leave since March 31st, 1942; in other words, that the action in putting him on sick leave was unjustified. We do not concur in that view. The case is barren of any proof that the action of the defendant was not made in good faith. This man clearly was incapacitated from performing the duties of his position by reason of this physical affliction. But, however that may be, he had no proprietary right to the position and was not entitled to compensation unless he performed the required duties of the position. *Sluhr* v. *Curran,* 44 *N. J. L.* 181; *Roberts* v. *Orange,* 102 *Id.* 721; 133 *Atl. Rep.* 418; *Fitzpatrick* v. *Passaic,* 105 *N. J. L.* 103; 143 *Atl. Rep.* 728; *affirmed,* 105 *N. J. L.* 632; 147 *Atl. Rep.* 908; *Hillel* v. *Edgewater,* 106 *N. J. L.* 481; 150 *Atl. Rep.*

385. The plaintiff argues that these cases do not apply, because he was prevented from working by the action of the defendant and through no fault of his own. These cases do not turn upon the question of why the services were not performed; and we conclude that they are in point and controlling. The legality of the action of the defendant municipality, in effect suspending him by placing him on sick leave at half pay, may not be determined in a collateral proceeding to recovery salary. *Hillel* v. *Edgewater, supra.*

For these reasons we think that the learned trial judge erred in entering a judgment for the plaintiff.

The judgment under review will be reversed, but without costs.