DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
OF THE COUNTY OF BERGEN.

JOHN POLLAK, PLAINTIFF, v. BOROUGH OF WALLINGTON,
A MUNICIPAL CORPORATION, IN THE COUNTY OF
BERGEN AND STATE OF NEW JERSEY, DEFENDANT.

Decided May 16, 1944.

For the plaintiff, *James A. Major* and *Louis A. Schiffman.*

For the defendant, *Aldon S. Patlen.*

GALANTI, D. C. J.   This is a suit by the plaintiff to recover salary which he claims to be due to him for the month of January, 1944, as police officer of the Borough of Wallington.

It appears that the plaintiff was appointed police officer of the defendant-borough at a meeting of the mayor and council in the month of December, 1943.   He subsequently took the oath of office as such police officer.   In January of 1944, a meeting of the mayor and council resolved that the meeting in December, above referred to, was "null and void."

Plaintiff appeared at the police station to discharge his duties and I am satisfied that he was always ready and willing to perform such duties as might be required of him.   I am equally satisfied that he was not permitted, at any time, to enter upon the performance of any of the duties of the office to which he had been appointed, and that he rendered no services whatsoever to the defendant.

From the facts as above stated, it is clear that I cannot concern myself with the question of whether the plaintiff would be entitled to recover had he rendered service, even assuming the invalidity of the proceedings resulting in his appointment, *Erwin* v. *Jersey City* (*Court of Errors and*

*Appeals*, 1897), 60 *N. J. L.* 141; 37 *Atl. Rep.* 732; *Freudenreich* v. *Fairview* (*Supreme Court*, 1936), 14 *N. J. Mis. R.* 804; 187 *Atl. Rep.* 555, nor with what the situation would have been if the plaintiff had taken proceedings necessary to obtain a judicial declaration that he had been illegally dismissed from a position and were now suing to recover back pay for the interval during which he had been excluded from the performance of his service. *R. S.* 1937, 40:46–34; *N. J. S. A.* 40:46–34; *Ratajczak* v. *Board of Education* (*Supreme Court*, 1934), 118 *N. J. L.* 311; 192 *Atl. Rep.* 591; *Hart* v. *Borough of Hawthorne*, 120 *N. J. L.* 27; 197 *Atl. Rep.* 891; *affirmed*, 121 *N. J. L.* 135; 1 *Atl. Rep.* (*2d*) 416.

To state the case most favorably for the plaintiff's position it would be this: That he was duly appointed as police officer by resolution adopted in December; that the resolution of January is illegal and of no force and effect; that he duly took the oath of office and has at all times been ready and willing and has offered himself for that purpose to perform the duties that might be required of him; but that because no work has been required of him, and no assignment of function has been made to him, and because he has been wrongfully excluded from performance, he has rendered no service to the defendant. It is well settled that I cannot try the issue of title to public office collaterally in a suit to recover salary. *Van Sant* v. *Atlantic City* (*Supreme Court*, 1902), 68 *N. J. L.* 449; 53 *Atl. Rep.* 701; *Hoboken* v. *Gear* (*Supreme Court*, 1859), 27 *N. J. L.* 265; *Hillel* v. *Edgewater* (*Court of Errors and Appeals*, 1929), 106 *Id.* 481; 150 *Atl. Rep.* 385; *Keegle* v. *Hudson County* (*Supreme Court*, 1923), 99 *N. J. L.* 26; 122 *Atl. Rep.* 606. Plaintiff having performed no service there is nothing upon which he can here predicate a right to compensation. *Hillel* v. *Edgewater, supra; Fitzpatrick* v. *Passaic,* 105 *N. J. L.* 103; 143 *Atl. Rep.* 728; *affirmed,* 105 *N. J. L.* 632; 147 *Atl. Rep.* 908; *Sganga* v. *Teaneck Township* (*Supreme Court,* 1943), 130 *N. J. L.* 218; 32 *Atl. Rep.* (*2d*) 505; *Hart* v. *Borough of Hawthorne, supra; Van Sant* v. *Atlantic City, supra; Keegle* v. *Hudson County, supra.*

It follows that a judgment should be entered in favor of the defendant.