Plaintiff sued to recover $249.99 in salary which plaintiff claimed was due to him as court interpreter for the period beginning February 1, 1948 and ending March 15, 1948. A judgment of no cause of action was entered *Page 124 
in the district court in favor of the defendant, and plaintiff appeals.
Defendant conceded that the plaintiff was appointed court interpreter in 1935 by the then Judge of the Court of Common Pleas of Camden County, and that his annual salary was fixed by the Judge, both pursuant to statute (now R.S. 2:16-35 and 2:16-36); that his annual salary since January 1, 1946 was fixed at $2,000; that he continued to serve and was paid at that rate by the defendant until February 1, 1948; that the county refused to pay any salary for the period in suit; and that plaintiff as such court interpreter was in the classified civil service. It was admitted that no resolution in connection with plaintiff's position or salary was requested by the judge or plaintiff, that no such resolution was passed by the Board of Freeholders prior to March 16, 1948, and that the plaintiff took no appeal to the Civil Service Commission before bringing suit. Although a resolution of the Board of Freeholders, passed May 25, 1948, was received in evidence, we disregard it as having no effect on this suit.
R.S. 2:16-35 provides: "* * * the judge of the court of common pleas * * * may appoint * * * interpreters * * *."
R.S. 2:16-36, until amended by P.L. 1947, c. 344, effective June 25, 1947, provided:
"The compensation of interpreters appointed to interpret * * * shall be fixed by the judge of the court of common pleas of the respective counties, or by the judges of such court if there be more than one such judge in any county and shall be as follows:
 "In counties having more than three hundred thousandinhabitants, a salary of not more than thirty-five hundreddollars annually;
 "In counties having between two hundred thousand and threehundred thousand inhabitants, a salary of not more thantwenty-five hundred dollars annually;
 "In counties bordering on the Atlantic ocean and having morethan eighty thousand inhabitants, a salary of not more thansixteen hundred dollars annually.
"The salaries herein provided shall be paid by the treasurer of each county, semimonthly, out of the funds of the county, and shall, whenever fixed as herein provided, be in lieu of all other fees or compensation whatsoever." *Page 125 
The 1947 amendment of R.S. 2:16-36 deleted the italicized language and substituted:
"; provided, however, that the salaries so fixed shall not become effective unless approved by resolution of the board of chosen freeholders of the county wherein such salaries are to be paid."
A letter dated January 21, 1948 and signed by Samuel C. Berry, Director of Revenue and Finance of Camden County, was received by the plaintiff in the latter part of January, 1948. The letter stated:
"Please be advised that the Board of Freeholders have not provided any money in the 1948 budget for your salary after January 31st; therefore, your services with the County of Camden will be terminated as of January 31, 1948."
Plaintiff continued to report for duty between February 1, 1948 and March 16, 1948, and demanded his pay on the regular pay days.
The district court judge gave judgment of no cause of action on the ground that the letter of January 21, 1946 was a dismissal of plaintiff and therefore R.S. 11:22-38 required an appeal to the Civil Service Commission and a finding of illegality of the dismissal before a cause of action could exist in the district court. The court below relied on Keegel v. Hudson County,99 N.J.L. 26 (Sup.Ct. 1923) and Van Sant v. Atlantic City,68 N.J.L. 449 (Sup.Ct. 1902), but in both these cases the dismissal was by the appointing authority.
R.S. 11:22-38 provides:
"No officer, clerk or employee holding a position in the competitive class shall be removed, discharged, fined or reduced, except as provided in section 11:22-6 of this title as to probationers, until he has been furnished with a written statement of the reasons for such action by the appointing authority and been allowed a reasonable time to make answer thereto. A copy of the statement or reasons therefor and the answer thereto, with the action of the appointing authority, shall forthwith be furnished to the commission and entered upon its records, and shall also be entered on the records of the department or office in which the removed, discharged, fined or reduced person was or is employed. The officer, clerk or employee shall at once be notified, in writing, of the action taken on such charges and answer. The action of the appointing authority ordering or directing such removal, discharge, fine or reduction shall not take effect until approved by order of the commission. If, however, *Page 126 
such person so ordered or directed to be removed, discharged, fined or reduced shall not, within ten days after notification, as aforesaid, apply to the commission for an investigation of the charges on which such order of removal, discharge, fine or reduction is based, under such rules as the commission shall prescribe, such order may be approved, as of course, without hearing or investigation."
R.S. 11:22-39 provides:
"If the application mentioned in section 11:22-38 of this title is made within the time prescribed, the commission shall fix a time and place for a hearing of the case, of which time and place written notice shall be served upon the appointing authority and the officer, clerk or employee, at least five days prior to the hearing. The respective parties may, at the hearing, be represented by counsel. * * *"
R.S. 11:22-38 and 11:22-39 apply when dismissal is by the appointing authority, but have no application when the one who attempts to dismiss has no authority, as a matter of law, to appoint or dismiss. Under R.S. 2:16-35 the appointing authority is now and has always been the judge or judges of the Court of Common Pleas. Since there was no dismissal by the appointing authority, appeal to the Civil Service Commission was no prerequisite to suit at law for salary.
We find, therefore, that the action of the court below cannot be sustained on the ground given by it. However, where there is any ground upon which the action of the lower court may be sustained, the judgment may be affirmed, although the ground or reason assigned for the action of the court may not be sustained. See Dikowski v. Metropolitan Life Ins. Co., 128 N.J.L. 124(E. A. 1942).
The salary of interpreters appointed pursuant to R.S. 2:16-35 has been fixed by R.S. 2:16-36 and its predecessor statute since before 1935, and the salary for any particular period depends on the then effective provisions of R.S. 2:16-36. Prior to June 25, 1947, if the interpreter was appointed as provided inR.S. 2:16-35 and if the judge fixed his salary within the limitations of R.S. 2:16-36, the county was obliged to pay such salary. The 1947 amendment struck out the limitations on the amount of salary which the judge could fix and substituted the proviso that the salary fixed by the judge "shall not become *Page 127 
effective unless approved by resolution of the board of chosen freeholders."
It is clear that any salary fixed by the judge after June 25, 1947, must be approved by resolution of the board to become effective. To entitle an interpreter, whose salary was fixed under R.S. 2:16-36 and was paid by the county before the 1947 amendment, to salary for a period after the 1947 amendment, is a resolution of the board approving such salary required? In the absence of constitutional restriction, the power of the legislature to abolish the position, or, for the future, to lower the salary or to add new or additional requirements before the former salary can be effective, cannot be questioned. SeeHoboken v. Gear, 27 N.J.L. 265 (Sup.Ct. 1859). The effect of the amendment was to repeal the requirement that the county pay the salary fixed by the judge within the salary limitations and substitute, for the future, a requirement that the salary fixed by the judge must be approved by a resolution of the board before it becomes effective. This type of legislation is not novel — compare section 95 of the Criminal Procedure Act,P.L. 1898, p. 901, and its amendment by P.L. 1933, c. 19. Plaintiff cites the rule that statutes are to be given prospective effect unless the language is so clear and positive as to leave no other construction. This rule, however, has no application in this case, because we deal here only with the effect of the amendment on a claim for salary for a period after its enactment. It is obvious that if the amendment had abolished the position, plaintiff would not be entitled to salary after its enactment; that if the amendment had reduced the annual salary to $1,000 the plaintiff would be entitled, after the enactment, only to the reduced salary. So, here, for any period after the amendment, the plaintiff is entitled to salary only if he meets the requirements of the amendment.
To accept the argument of the plaintiff that after the amendment he was still entitled to his $2,000 salary, without approval by resolution of the board, would be a nullification of the action of the legislature. The provisions of R.S. 2:16-36 upon which he had to rely for his $2,000 salary before the amendment, *Page 128 
went out of the law when amended, and thereafter there was no statutory support for payment of his salary other than as provided in the amendment. Plaintiff contends that even if the amendment is prospective only and does apply to him, then a resolution of the board disapproving the salary fixed by the judge prior to its enactment is necessary. While such a provision might have been included by the legislature, we are not at liberty to supply it.
We conclude that the 1947 amendment made the right to salary for the period in suit dependent on a resolution of the board of chosen freeholders approving the salary fixed by the judge. Here, there was no such resolution and consequently no salary was due. The action of the court below is sustained on this ground.
The judgment under appeal is affirmed.