36 N.J. Super. 382 (1955)
115 A.2d 635
CARL DE MARCO, PLAINTIFF,
v.
THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, A BODY POLITIC OF THE STATE OF NEW JERSEY AND THE COUNTY OF BERGEN, IN THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 30, 1955.
*383 Messrs. Kapp Brothers, attorneys for plaintiff (Mr. Albert S. Gross, of counsel).
Mr. Milton T. Lasher, attorney for the defendants.
Mr. William V. Breslin, amicus curiae.
WAESCHE, J.S.C.
The plaintiff is a county detective of Bergen County. He brings this suit to recover his salary from October 9, 1951 to December 8, 1954, during which time he was suspended from performing his duties as a county detective and, consequently, rendered no services during that period of time.
The plaintiff was appointed county detective on March 5, 1947 by the then prosecutor of Bergen County. His duties *384 are to assist the prosecutor in the detection, apprehension, arrest and conviction of offenders against the law. N.J.S. 2A:157-2. Accordingly, the plaintiff is a police officer, and holds a public office. Duncan v. Board of Fire, etc., Commissioners, 131 N.J.L. 443 (Sup. Ct. 1944).
The law does not fix any term for the office of county detective; however, the statute provides that any person appointed county detective shall be in the classified service of the civil service. N.J.S. 2A:157-2. The plaintiff, therefore, holds an indefinite tenure, subject to removal from office at any time for incompetency or official misconduct, after a hearing on written charges. Sullivan v. McOsker, 84 N.J.L. 380 (E. & A. 1912); R.S. 11:22-3 et seq. If, however, the plaintiff were convicted upon an indictment charging him with the commission of a misdemeanor, or if he pleaded guilty, non vult, or nolo contendere to such an indictment, he would forfeit his office, and cease to hold it from the date of such conviction or entry of plea. N.J.S. 2A:135-9. A public officer who willfully neglects to perform any duty imposed upon him by law is guilty of a misdemeanor. N.J.S. 2A:135-1.
On October 9, 1951 the grand jury of Bergen County presented an indictment against the plaintiff, charging him with willfully neglecting to perform his duties as a county detective of Bergen County. The deputy attorney-general in charge of the office of the prosecutor of Bergen County, thereupon, on October 9, 1951, suspended the plaintiff from performing his duties as a county detective. The power of the deputy attorney-general to act in place of the prosecutor is authorized by R.S. 52:17A-5. It is presumed that the deputy attorney-general in suspending the plaintiff acted within the sphere of his official duty, pursuant to law, and in the public interest. United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926); Earl v. Winne, 14 N.J. 119 (1953); Reimer v. Allendale, 123 N.J.L. 563 (Sup. Ct. 1939); 20 Am. Jur. 174, sec. 170 et seq.; 43 Am. Jur. 254, sec. 511.
*385 The United States Supreme Court held in the case of Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 376, 64 L.Ed. 692 (1920) that "the power of suspension is an incident of the power of removal." The New Jersey Court of Errors and Appeals, in the case of Vanderbach v. Hudson County Board of Taxation, 133 N.J.L. 126 (1945), said:
"Cases may be readily imagined where the continuance of the incumbent in office during the course of the disciplinary proceedings would seriously disadvantage the public. It might well interfere with official function in substantial particulars; and it might also hamper the investigation of the alleged misbehavior."
The former Supreme Court of New Jersey held in the case of Vanderbach v. Hudson County Board of Taxation, 133 N.J.L. 499 (1946), affirmed 135 N.J.L. 349 (E. & A. 1947), that the right to remove included the right to suspend during "the period reasonably required for the formulating of charges, the serving of them upon the accused, the bringing on of the hearing and the decision of the issue." The opinion of the Supreme Court went on further to say:
"Inability of a public board to separate an inferior officer or an employee from his duties temporarily and in good faith pending trial could work serious impairment in the public service and is not, we think, to be taken as the legislative intent in all instances. The power of a board so to act where the public interest requires flows impliedly, almost necessarily, from the power specifically granted."
In the case of Russo v. Walsh, 18 N.J. 205 (1955), the present Supreme Court held that the power to remove a public officer included the power to suspend him pending trial.
The legality of the plaintiff's suspension cannot be inquired into collaterally. Until reversed by a direct proceeding to set it aside, the suspension stands as an act done in the public interest, and one authorized by law. Van Sant v. Atlantic City, 68 N.J.L. 449 (Sup. Ct. 1902); Keegle v. Hudson County, 99 N.J.L. 26 (Sup. Ct. 1923), affirmed 102 N.J.L. 219 (E. & A. 1925); Dinkel v. Hudson County, *386 5 N.J. Misc. 326 (Sup. Ct. 1927), affirmed 104 N.J.L. 659 (E. & A. 1928); Hillel v. Borough of Edgewater, 106 N.J.L. 481 (E. & A. 1929); Sganga v. Teaneck Township, 130 N.J.L. 218 (Sup. Ct. 1943).
As previously stated, the plaintiff, as a county detective, holds a public office. In New Jersey a public office is not created for the benefit of the holder thereof. It is created for the purpose of carrying on the operations of the government. The holder of a public office does not have any vested interest or proprietary rights therein, nor does he occupy the office under any contract. The prospective emoluments of a public office are not the property of the incumbent. City of Hoboken v. Gear, 27 N.J.L. 265 (Sup. Ct. 1859); Love v. Mayor, etc., of Jersey City, 40 N.J.L. 456 (Sup. Ct. 1878); Stuhr v. Curran, 44 N.J.L. 181 (E. & A. 1882); Kenny v. Hudspeth, 59 N.J.L. 320 (Sup. Ct. 1896); Erwin v. City of Jersey City, 60 N.J.L. 141 (E. & A. 1897); Roberts v. City of Orange, 102 N.J.L. 721 (E. & A. 1926); Fitzpatrick v. City of Passaic, 105 N.J.L. 103 (Sup. Ct. 1928), affirmed 105 N.J.L. 632 (E. & A. 1929); Hillel v. Borough of Edgewater, 106 N.J.L. 481 (E. & A. 1929); Board of Education, Cedar Grove v. State Board of Education, 115 N.J.L. 67 (Sup. Ct. 1935); Sheridan v. McCurnin, 124 N.J.L. 493 (Sup. Ct. 1940). The holder of a public office is under an obligation to faithfully serve the public by discharging the duties of his office to the best of his ability. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952).
In the case of Stuhr v. Curran, supra, the plaintiff and the defendant were opposing candidates for the office of chosen freeholder of Hudson County. The defendant was declared elected, and thereupon took office. The plaintiff brought quo warranto proceedings against the defendant and succeeded in ousting him from office. Plaintiff then sued the defendant to recover the salary the defendant received for occupying the office of freeholder and discharging the duties of that office. The court held that the defendant was entitled to retain the compensation which he received in good faith from the county *387 while performing such public services. In its opinion, the court said:
"The emoluments of office are presumed to be nothing more than an equivalent for the labor it imposes. * * * the right to emolument must be regarded as having no legal existence except as arising out of the rendition of services for which they are compensatory."
In the case of Erwin v. City of Jersey City, supra, the plaintiff brought suit to recover three months salary as corporation attorney of Jersey City, during which time he filled the office de facto and duly performed the duties thereof. The court, following the opinion in the case of Stuhr v. Curran, supra, held that "the right to the emoluments of the office arose, not out of the title to the office, but out of the actual rendition of services for which such emoluments were designed to be compensatory." The court held that the plaintiff was entitled to the compensation.
In the case of Roberts v. City of Orange, supra, the plaintiff was a police officer of the City of Orange. He brought suit to recover the compensation of his office during a period of time that he was ill and unable to perform the duties of his office. The court, again following the opinion in the case of Stuhr v. Curran, supra, held that "the right to emolument must be regarded as having no legal existence except as arising out of the rendition of services for which they are compensatory." The court held that, since the plaintiff rendered no services as a police officer during the period for which he was ill, he was not entitled to recover compensation, and rendered judgment in favor of the City of Orange.
In the case of Fitzpatrick v. City of Passaic, supra, the plaintiff was seeking compensation as a police officer for services which he did not render. In that case the court held that the right of recovery is dependent upon the performance of the duties of the office. In its opinion, the court relied upon the case of Erwin v. City of Jersey City, supra; Stuhr v. Curran, supra; and Roberts v. City of Orange, supra, to the effect that the right of a public officer to receive compensation *388 can only arise out of the rendition of the public services relating to his office.
In the case of Hillel v. Borough of Edgewater, supra, suit was brought by several police officers of the Borough of Edgewater to recover their salaries for the period of their suspension from office, during which time they performed no public services. The officers were tried and convicted of violating the federal prohibition laws, and as a result, they were suspended from office. Later, their convictions being reversed, the officers were reinstated to their former positions as policemen of Edgewater. The court, relying upon Stuhr v. Curran, supra; Erwin v. City of Jersey City, supra; Roberts v. City of Orange, supra; and Fitzpatrick v. City of Passaic, supra, held "that the right to emolument in public office must be regarded as having no legal existence except as arising out of the rendition of services for which they are compensatory." The court, in its opinion, also said that "The emoluments of the office are bestowed on him who performs the services and not upon one who has failed to perform the services."
In the case of Sganga v. Teaneck Township, supra, the plaintiff, a police officer of the Township of Teaneck, brought suit to recover the full amount of his salary during a period when he was on sick leave, and received only half of his salary. During that period, he rendered no services as a police officer. The plaintiff contended that he was ready and willing to perform his duties as a police officer, but that he was prevented from doing so by action of the township officials. The court said that it made no difference why the plaintiff did not perform his duties as a police officer, and held that, since he had performed no services, he was not entitled to compensation, citing the cases of Stuhr v. Curran, supra; Roberts v. City of Orange, supra; Fitzpatrick v. City of Passaic, supra; and Hillel v. Borough of Edgewater, supra.
The plaintiff sub judice relies upon R.S. 40:46-34, as am. L. 1948, c. 395, as supporting his claim for compensation during the period of his suspension. That section of the law applies only to municipal officers. R.S. 40:42-1. It does not apply to the plaintiff, who is a county detective. *389 Furthermore, R.S. 40:46-34, as amended, applies to an illegal suspension. In this case, the court is not confronted with an illegal suspension; the suspension here is presumed legal.
I have also considered R.S. 11:4-3.6 and R.S. 2A:135-9, but, in my opinion, neither section supports plaintiff's contention for compensation.
For the above reasons, there will be a judgment for the defendants.