CHARLES A. VAN SANT v. ATLANTIC CITY.

Argued June 4, 1902—Decided November 10, 1902.

1. A policeman in a city who claims to have been illegally removed from his office because no cause was alleged or complaint made or hearing given him, cannot maintain an action for salary alleged to have accrued after such dismissal, while such dismissal remains unreversed.

2. Title to office cannot be tried collaterally in an action for salary.

On contract.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Clarence A. Cole.*

For the demurrer, *Godfrey & Godfrey.*

The opinion of the court was delivered by

FORT, J.   The plaintiff was a police officer of Atlantic City. He alleges that he is an honorably-discharged Union soldier, and that, while acting as a policeman, he was, on the 10th day of June, 1901, "dismissed by the mayor of the city, who is the person charged with the supervision and control of the police department, without cause, without complaint, and without a hearing." He sues to recover his salary as a policeman from June 10th to December 1st, 1901, at the rate of $65 per month.

The plaintiff admits that he could not recover in this action but for the statute which protects him from removal except for cause, as his office was a municipal one, and could otherwise be terminated at the pleasure of the city. *Hoboken* v. *Gear, 3 Dutcher* 265.

Does the fact that an honorably-discharged soldier can be removed only for cause after hearing entitle him to sue for his salary in case of discharge without such hearing? There is nothing in the statute so permitting. *Gen. Stat., p.* 3702. Nor is there in the statute which prohibits the removal of a police officer in a city except for cause. *Gen. Stat., p.* 1534.

The effect of these statutes is to entitle persons coming within their provisions to charges and a trial. A dismissal without these is void. But the official charged with the duty of discharging is acting judicially when so doing. His action is subject to review, and may be reversed. Until reversed, it stands. Whether there was or was not a proper proceeding for dismissal cannot be inquired into collaterally. It must be reversed by a direct proceeding to set aside the illegal removal before suit for salary can be maintained, or by a *mandamus* to compel the city to restore him to the office. *Hoboken* v. *Gear, supra,* was a suit by a policeman for his salary after removal, as he alleged, without cause, as in this case, and Chief Justice Green there says: "Aside from the objection that there was no contract between the parties, upon which the plaintiff can rely for a recovery, the action cannot be sustained upon reasons of public policy. It is a new mode of trying, in a collateral way, by an action for the salary, the

title to a public office. * * * If the plaintiff was improperly removed, the law furnishes other and more efficient and appropriate remedies. * * * But, whatever may be the proper form of the remedy, or whether there be any, it is clear that an action of debt upon contract against the city is not the appropriate mode of redress."

If the facts set forth on the plaintiff's declaration are true, he can procure the vacation of his removal on *certiorari*. *Bakely* v. *Nowrey, ante p.* 95; *Bowlby* v. *Dover, ante p.* 97. After that his right to salary can be determined.

The demurrer is sustained, with costs.