LILLIAN SULLIVAN vs. ALMER J. DAVIS.

JANUARY 4, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)  *Prohibition.  Jail Limits.*

The office of a writ of prohibition is to restrain unlawful judicial action by inferior courts, judges or other officers exercising judicial functions. Such writ is not properly directed to an officer acting in an executive ministerial or administrative capacity.

(2)  *Prohibition.  Jail Limits.*

In granting to persons imprisoned the liberty of the jail yard under Gen. Laws, 1909, cap. 325, § 4, the keeper of the jail is exercising an administrative function and prohibition will not lie to restrain the exercise of his judgment.

*Semble:* In granting the liberty of the jail yard to one not entitled to it, the keeper of the jail exceeds his authority and permits an escape for which he would be liable under his bond.

PROHIBITION.  Heard on petition for writ and denied.

SWEETLAND, J.  This is a petition preferred by Lillian Sullivan for a writ of prohibition against the respondent, as keeper of the Providence County Jail, to restrain and prohibit him from granting to one Mary Sullivan, now in the custody of said keeper, the liberty of the yard of said jail, the limits of said yard being the limits of Providence County.

The petitioner alleges that said Mary Sullivan is now imprisoned in the Providence County Jail upon an execution awarded to the petitioner upon a judgment against said Mary Sullivan in an action of trespass on the case commenced by this petitioner against said Mary Sullivan.  The petitioner further alleges that the said Mary Sullivan has applied to said keeper to grant her the liberty of the jail yard in accordance with the provisions of Gen. Laws, 1909, Chapter 325, § 4, which section is as follows:

"Sec. 4.  Whenever any person shall be imprisoned for want of bail in any civil action, or upon surrender or commitment by bail in any such action, or for non-payment of any military fine or state or town tax, or on execution in any civil action, except on executions awarded in actions on penal statutes or on bonds given in pursuance of the provisions of this chapter, or in any action of trover, all actions of trespass on the case, any action of detinue or trespass other than trespass *quære clausum fregit*, in which title to the close was in dispute, and trespass and ejectment, or in an action prosecuted by bail against his principal, the sheriff or keeper of the jail may grant such person a chamber or lodging in any of the houses or apartments belonging to such jail and liberty of the yard within the limits thereof, upon reasonable payment to be made for chamber-room, and upon bond being given by such person as hereinafter provided."

Section 17 of said Chapter 325, Gen. Laws, 1909, is as follows: "Sec. 17. The limits of each county shall be the limits of the jail yard thereof."

The petitioner also alleges "that said Almer J. Davis, as keeper aforesaid, contemplates said Mary Sullivan's application with favor and proposes and intends to grant her the liberty of the jail yard." The petitioner, however, has presented no evidence tending to establish the last named allegation of her petition.

The contention of the petitioner is that as said Mary Sullivan is imprisoned in said jail on an execution awarded in an action of trespass on the case, the said keeper, in accordance with the terms of Section 4, Chapter 325, Gen. Laws, 1909, is without authority to grant to her the liberty of the jail yard. Hence, the petitioner has commenced this proceeding, seeking to prohibit said keeper from the commission of the unwarranted act he contemplates, as she alleges.

The office of a writ of prohibition is to restrain unlawful judicial action by inferior courts, judges or other officers exercising judicial functions. Such writ is not properly directed to an officer acting in an executive, ministerial, or administrative capacity. In granting to persons imprisoned the liberty of the jail yard in accordance with the provisions of Section 4, Chapter 325, Gen. Laws, 1909, the keeper of the jail is exercising an administrative function. Like other officers he is required to know the duties of his office and the limitations upon his authority. He must determine as to what persons in his custody and in what manner he may legally grant the privilege provided for in said section. He must exercise discretion and judgment as to the form of the bond to be taken and as to the number and sufficiency of the sureties thereon. We find, however, no element of judicial power in this action of the keeper. The exercise of judgment to which we have referred does not make the act judicial; and prohibition will not go against it.

The section in question enumerates the persons imprisoned in jail to whom the jailor may grant the liberty of the yard. With reference to the duty of the keeper of the Providence County Jail, Gen. Laws, 1909, Chapter 322, § 6, provides that "he shall receive into his custody, and safely keep in said jail, every person who shall be committed thereto, until he shall be legally discharged therefrom." If said keeper grants the liberty of the jail yard to one not included in said enumeration he has exceeded his authority and thereby has permitted an escape. In such circumstances there would be a breach of the bond given by said keeper "for the faithful execution of his office according to law;" and the petitioner would have the right of action for breach of the bond provided by statute. Gen. Laws, 1909, Chapter 322.

The petition is denied and dismissed.

*Easton, Williams & Rosenfeld, Charles R. Easton,* for petitioner.

*Joseph C. Cawley,* for respondent.