JOHN DINKEL v. COUNTY OF HUDSON.

Decided March 3, 1927.

**Municipalities—Wages and Salaries—Quarryman Employed by County was Laid Off—Action For Payment of Wages Will Not Lie Where the Superior Officer was Acting Officially, Until His Right to Act Has Been Adversely Determined by Proper Procedure.**

On appeal from the Hudson County Court of Common Pleas.

Before Gummere, Chief Justice, and Justices Trenchard and Minturn.

For the appellant, *Warren Dixon.*

For the respondent, *Robert H. Doherty.*

Per Curiam.

This is an appeal by the plaintiff from a judgment of non-suit entered in the Hudson County Court of Common Pleas. The plaintiff was employed by the county as a quarryman, at a salary of $100 a month, and was assigned to work in the quarry of the county located at Snake Hill, his work being

the blasting out of rock in the quarry, to be subsequently used by the prisoners confined in the county penitentiary. The averment of his complaint is that about the 2d of December, 1912, the defendant, without any reason or without any complaint or charge being laid against him, suspended or discharged him from his employment until about the fifth of that month, when he was again put to work at the same place; that he continued at his work until the 10th of December, 1912, when he was again suspended or discharged, without any complaint or charge lodged against him, and was prevented from performing his duties as quarryman until about the 16th of February, 1914. His suit is brought to recover the wages, or salary, which he would have received if he had continued at work as quarryman during the periods of his suspension. The theory upon which it is rested is that he was protected from suspension or discharge by the provisions of our Civil Service act, unless and until a complaint was lodged against him and a hearing had upon such complaint.

Our consideration of the case leads us to the conclusion that the nonsuit was properly directed. Assuming, for the purpose of the decision, that a municipality cannot suspend or discharge a person holding a position or having an employment under the municipal government without first taking the steps provided in our Civil Service act, even though the action of the municipal body is taken for the purpose of avoiding the unnecessary expenditure of municipal funds, that act alone will not entitle the discharged employe to bring an action to recover his unpaid salary or wages. As was pointed out by this court in the case of *VanSant* v. *Atlantic City*, 68 *N. J. L.* 449, the official or body "charged with the duty of discharging an employe or person holding a position is acting judicially when so doing. His action is subject to review, and may be reversed. Until reversed, it stands. Whether there was or was not a proper proceeding for dismissal cannot be inquired into collaterally. It must be reversed by a direct proceeding to set aside the illegal removal before suit for salary can be maintained, or by a *mandamus* to compel the municipality to restore his position or employ-

ment." This principle was reiterated by this court in the case of *Keegle* v. *Hudson County,* 99 *Id.* 26; affirmed on opinion below, 130 *Atl. Rep.* 919, the opinion rendered in that case stating that "public policy forbids the settlement of contested issues, as to the legality of municipal action in the matter of offices or positions, in a suit for salary, where the right to salary is dependent upon the legality of a discharge. * * * The rule seems to be well settled in this state that, in the absence of any judicial ascertainment of the illegality of the discharge, or any agreement that it was illegal, no suit for salary for any period when the plaintiff did not actually perform the service will lie until the illegality is admitted or ascertained by a proper proceeding." The decisions referred to are dispositive of the question now under consideration.

The judgment under review will be affirmed.