KENNETH LINDSEY, PLAINTIFF, v. COUNTY OF HUDSON, HUDSON COUNTY BOARD OF ELECTIONS AND CHARLES F. STOEBLING, AS COMMISSIONER OF REGISTRATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.

Decided April 28, 1932.

For the plaintiff, *Hollander & Leichter.*

For the defendants, *William A. O'Brien.*

ACKERSON, S. C. C. The complaint herein is to recover for the plaintiff a portion of his salary as a temporary clerk

of the Hudson County Board of Elections under an appointment by that board made pursuant to an act entitled "An act to amend an act entitled 'An act to regulate elections (Revision.of 1920),' passed May 5th, 1920," *Pamph. L.* 1921, *ch.* 196, § 24. It is alleged that plaintiff was appointed as aforesaid on December 15th, 1927, "and served in that capacity until the 31st day of October, 1930;" that his salary was fixed at $2,400 per year; that "on the 22d day of May, 1930, the plaintiff was suspended from his position by the said defendant Hudson County Board of Elections," and that he has not been paid any salary since that time. It is further alleged that plaintiff submitted his resignation from said position to the Hudson County Board of Elections on October 31st, 1930. Demand is therefore made for salary alleged to have accrued to the plaintiff from his suspension on May 22d, 1930, to the date of his resignation on October 31st, 1930.

The complaint does not allege the cause of said suspension or that it was improper or illegal, nor that plaintiff ever objected thereto, or was ever tried upon charges, or ever took any proceeding to set aside the suspension, or was ever reinstated, nor that he ever performed any of the duties of his office after such suspension, if that would be material, except the conclusion of the pleader that the plaintiff "served in that capacity until the 31st day of October, 1930," which is at variance with the positive assertion that he was "suspended from his position," and which, as a conclusion, cannot be considered on this motion.

The defendant now moves to strike out the complaint on the ground that it does not disclose a cause of action.

The rule which must control the disposition of this motion is well settled in this state. It is to the effect that the official or body charged with the duty of suspending or discharging an employe or person holding a position, is acting judicially when so doing. His action is subject to review, and may be reversed. Until reversed, it stands. Whether there was or was not a proper proceeding for dismissal cannot be inquired into collaterally. It must be reversed by a direct

proceeding to set aside the illegal removal or suspension before suit for salary can be maintained, or by *mandamus* to compel the municipality to restore his position or employment. Public policy forbids the settlement of contested issues as to the legality of municipal action in the matter of offices or positions in a suit for salary where the right to salary is dependent on the legality of a discharge or suspension. *Dinkel* v. *Hudson County*, 5 *N. J. Mis. R.* 326; 136 *Atl. Rep.* 420; *affirmed*, 104 *N. J. L.* 659; 141 *Atl. Rep.* 919; *Van Sant* v. *Atlantic City*, 68 *N. J. L.* 449; 53 *Atl. Rep.* 701; *Keegle* v. *Hudson County*, 99 *N. J. L.* 26; 122 *Atl. Rep.* 606; *Hillel* v. *Edgewater*, 106 *N. J. L.* 481; 150 *Atl. Rep.* 385.

Since the complaint in the case *sub judice* does not allege that the plaintiff ever took any proceeding whatever to contest the legality of his suspension, nor that he ever questioned its legality, nor that its illegality was ever conceded by the defendants, it follows that the complaint does not disclose a cause of action and must be stricken out for that reason.