EDWARD J. McFEELY, PROSECUTOR–RESPONDENT, v. BOARD OF PENSION COMMISSIONERS OF THE CITY OF HOBOKEN, NEW JERSEY, AND JAMES CHIRICHELLA, CLERK OF THE BOARD, DEFENDANTS–APPELLANTS.

Argued November 15, 1948—Decided December 13, 1948.

214

Mr. E. Norman Wilson argued the cause for defendants-appellants (Mr. Dominick R. Rinaldi, attorney).

Mr. Edward A. Markley argued the cause for prosecutor-respondent (Mr. James J. Langan on the brief; Messrs. Markley & Broadhurst, attorneys).

The opinion of the court was delivered by

HEHER, J. On May 15, 1947, immediately after a municipal election in Hoboken which resulted in a change of political control, the local Board of Pension Commissioners, by formal resolution, granted a pension to respondent McFeely under R. S. 43:16–1, et seq., pursuant to an application made by him in writing on June 6, 1945, based upon a finding embodied in the resolution that the claimant had "served honorably" as chief of the local police department for a period of 37 years and had reached the age of 63 years. The long delay in acting upon the application is not explained; that is left to inference.

On August 21st, 1947, following the replacement of three of its five members under the new regime, the Pension Commission adopted two resolutions: the first "rescinded and set aside" the prior resolution granting the pension to respondent "as being null and void and for nothing holden," on a finding

that the pension was "inadvertently granted" and was "contrary to law," in that "the appellant could not and did not qualify for a pension" under the statute cited *supra;* the second resolved to "deny the application for a pension \* \* \* because the applicant could not, has not, and cannot qualify for a pension" under the statute. On the prior day, the Director of Public Safety notified McFeely by letter of his "suspension from duty and pay as Chief of Police" because of his indictment for "a certain criminal offense, \* \* \* until such time as the indictment \* \* \* is disposed of according to law." McFeely has received neither salary nor pension since the adoption of the resolution of May 15, 1947.

The proceeding embodied in the resolutions of August 21st, 1947 was had without a hearing on notice to respondent and opportunity to be heard, and so is void.

 Respondent would have us hold that in the performance of this particular portion of its statutory functions, the Pension Commission is a deliberative assembly whose action, once taken, is beyond reconsideration. But it is not that. The Commission in this respect exercises a power that is judicial in nature. It comprehends the exercise of discretion or judgment guided by the circumstances and the law. Judicial discretion is a mere legal discretion—a discretion in discerning the course presented by the law; and what that has discerned it is the duty of the court to follow. *Osborn v. The Bank of the United States,* 9 *Wheat.* 738, 6 *L. Ed.* 204 *(1824).* Discretion cannot be arbitrary or capricious. The term is used in contradistinction to "ministerial." The act is not necessarily judicial rather than ministerial simply because its performance depends upon the existence of some specific factual prerequisite. The distinguishing characteristic is whether the act or function calls for the exercise of discretion or judgment judicial in nature. The determinative is the quality of the act rather than the character of the agency exercising the authority. *Peabody v. Sanitary District of Chicago,* 330 *Ill.* 250, 161 *N. E.* 519 *(1928).* Where the judicial faculty is assigned to a public officer or tribunal not essentially judicial in character, its exercise is termed *quasi* judicial. Thus, the term is used to describe gov-

ernmental officers, boards and agencies which, while not a part of the judiciary, nevertheless perform functions of a judicial character. *Brandon v. Montclair,* 124 *N. J. L.* 135 *(Sup. Ct. 1940),* affirmed 125 *N. J. L.* 367 *(E. & A.* 1940*); Potts v. Board of Adjustment of Princeton,* 133 *N. J. L.* 230 *(Sup. Ct.* 1945*); Deweese v. Smith,* 106 *Fed.* 438 *(C. C. A.* 1901*).* Where, as here, particularly as respects the requirement of honorable service, the administrative tribunal is under a duty to consider evidence and apply the law to the facts as found, thus requiring the exercise of a discretion or judgment judicial in nature on evidentiary facts, the function is *quasi* judicial and not ministerial. *People v. McWilliams,* 185 *N. Y.* 92, 77 *N. E.* 785 *(1906); American Casualty Insurance Co. v. Fyler,* 60 *Conn.* 448, 22 *Atl.* 494 *(1891).*

Pension funds of this class confer benefits which may not be arbitrarily denied. So long as the fund subsists, the rights of the beneficiary class under the statute are enforceable in accordance with the terms of the statute. *Plunkett v. Pension Commission of Hoboken,* 113 *N. J. L.* 230 *(Sup. Ct.* 1934*); Pennie v. Reis,* 132 *U. S.* 464, 10 *S. Ct.* 149, 33 *L. Ed.* 426 *(1889).* The right to enforcement is an interest of substance which the law protects as a property right while the statute continues in existence. Under the pension grant here and the underlying statute, respondent became entitled of right to each periodic installment as and when it accrued, so long as the statute remains in force; and the vacation of the grant itself and the denial of the pension claim for the supposed want of the statutory qualifications constituted the exercise of what purported to be judicial power without a hearing on notice to the pensioner and adequate opportunity to be heard, in disregard of the Federal and State constitutional guaranties of due process of law. *Hyman v. Muller,* 1 *N. J.* 124 *(Sup. Ct.* 1948*); State Board of Milk Control v. Newark Milk Co.,* 118 *N. J. Eq.* 504 *(E. & A.* 1935*).*

This is not to say that the grant of a pension, once made, is final and conclusive, subject to appellate review but beyond reconsideration by the pension tribunal itself, *ex mero motu,* to await the outcome of an indictment pending against the pension-

er at the time the grant was made, as bearing upon the issue of honorable service made a condition prerequisite by the statute.

Here, the resolutions themselves do not reveal the specific reason for the adverse action. It is now defended as a course warranted by the pendency of two indictments against the pensioner: the first returned at the December 1944 term of the Hudson Oyer and Terminer, charging nonenforcement of the statutes against gambling; the second returned to the same tribunal on October 15, 1946, charging McFeely and seven fellow police officers with the offense of conspiracy to "oppress" and "persecute" other members of the police force. *State v. McFeely*, 136 *N. J. L.* 102 *(Sup. Ct. 1947).* McFeely entered a plea of not guilty to each indictment. Neither indictment has been tried; and there is no explanation of the delay. McFeely has made no effort to compel action upon the indictments.

 The statute lays upon the Pension Commission the clear and specific duty of affirmative action where there is a concurrence of the statutory factual prerequisites. *Beronio v. Pension Commission of Hoboken,* 130 *N. J. L.* 620 *(E. & A. 1943).* While in some jurisdictions there is a specific statutory provision that action upon the application for a pension of this class shall be deferred until the disposition of a pending indictment against the claimant, there is none such in this state. Yet it is implicit in the statute that, in aid of the performance of their duty to determine the existence of the prerequisite condition of honorable service, these tribunals may, and in most cases should, certainly so where the offense charged involves moral turpitude, stay action upon the pension claim awaiting the trial or other disposition of a pending indictment against the claimant; and, possessing as they do, in analogy to the authority of courts of general jurisdiction at common law, the inherent power of reconsideration, they may also, in the exercise of a sound discretion, vacate a pension grant and suspend further action on the claim until a pending indictment against the claimant is finally determined.

This power arises by necessary implication to serve the statutory policy. Inadvertent or premature or clearly erroneous action is not put beyond corrective measures by the tribunal itself. Apart from the inherent power of judicial tribunals, on their own motion, to correct injustice and prevent fraud or imposition upon the law, there is the added consideration that conviction of a misdemeanor touching the administration of one's office, or which involves moral turpitude, results in a forfeiture of the office. R. S. 2:160-9. The exercise of the power is conditioned only upon the giving of reasonable notice to the parties and adequate opportunity to be heard, and the requirement that the action taken shall rest upon reasonable grounds and be in no sense arbitrary. Compare *Kelly v. Bell*, 17 *N. J. L.* 270 *(Sup. Ct.* 1839); *Assets Development Co. v. Wall*, 97 *N. J. L.* 468 *(E. & A.* 1922); *Breen Iron Works v. Richardson*, 115 *N. J. L.* 305 *(Sup. Ct.* 1935).

But such was not the course taken here. The pension grant was vacated and the claim was dismissed on the finding that the claimant had not qualified and was unable to qualify for a pension under the statute. Thus, the meritorious question was determined without affording the claimant the hearing required by due process.

The judgment of the old Supreme Court vacating the resolution of August 21, 1947 is affirmed.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING, and ACKERSON—7.

*For reversal:* None.