6 N.J. Super. 282 (1950)
71 A.2d 141
HENRY W. STROHMEYER, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF LITTLE FERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1950.
Decided February 6, 1950.
*283 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Alfred W. Kiefer argued the cause for appellant.
Mr. James A. Major argued the cause for respondent (Mr. Joseph H. Gaudielle, attorney).
The opinion of the court was delivered by COLIE, J.A.D.
Henry Strohmeyer, a member of the police force of the Borough of Little Ferry, was suspended on December 4, 1945, after indictment by a grand jury on a charge of nonfeasance. On December 15, 1945, charges were filed and eventually terminated in a dismissal of the charges and his restoration to duty on September 9, 1946. In the meantime, the pending indictment had been nolle prossed. Subsequently, plaintiff sued the Borough to recover salary during the period of his suspension. The trial court struck the complaint and on appeal its action in doing so was affirmed. Strohmeyer v. Borough of Little Ferry, 136 N.J.L. 485 (E. & A. 1948). The basis of the affirmance was that *284 R.S. 40:46-34 gave the right to recover salary for a dismissal declared illegal, but not for a suspension, the court saying: "Had the legislature also provided for recovery where a police officer was illegally suspended, the appellant's right to recovery in this case would have been clear; but since no such right has been granted we are obliged to find that the ruling of the learned trial judge in striking the complaint was in all respects proper." Thereafter the Legislature enacted Chapter 395, Laws 1948 amending R.S. 40:46-34 to read:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; provided, that a written application therefor shall be filed with the clerk of the municipality within thirty days after such judicial determination, unless such determination was made prior to the effective date of this act, in which case such application shall be filed within six months after the effective date of this act."
Plaintiff then sued the Borough to recover his salary for the period of his suspension. The Borough filed an answer which, on motion, the trial court held to be insufficient in law and entered summary judgment in favor of the plaintiff. From that judgment the Borough appeals and argues that the suspension of plaintiff has not been "judicially declared illegal," a statutory prerequisite to the successful maintenance of an action for salary in the circumstances here exhibited. In McFeely v. Board of Pension Commissioners, 1 N.J. 212 (1948), it was held that the Board of Pension Commissioners of the City of Hoboken exercised a power that was judicial in nature and which comprehended the exercise of discretion or judgment guided by the circumstances of the law, and when acting in a deliberative capacity was a quasi-judicial body. The Mayor and Council hearing the charges against the plaintiff, was acting as a quasi-judicial body and its decision dismissing the charges was a declaration that plaintiff's suspension was illegal within the meaning of the phrase "judicially declared illegal." Appellant relies upon Mulhearn v. Federal *285 Shipbuilding & Dry Dock Co., 2 N.J. 356 (1949), as authority for the proposition that the dismissal of the charges was not a judicial determination. The question before the court in the Mulhearn case was whether the Division of Workmen's Compensation was an inferior court within the meaning of Article VI, Section V, paragraph 1 of the Constitution of 1947. This is clear from the court's statement that "The question is thus squarely raised whether or not the Division of Workmen's Compensation is an inferior court within the meaning of the Constitution so that we may review its judgments directly by certification."
It is said that the 1948 amendment must be construed prospectively and not retrospectively. The language of the amendment is clear that the legislature intended the act to be retrospective.
The judgment is affirmed.