52 N.J. Super. 526 (1958)
146 A.2d 123
EDWARD HINTENBERGER, PLAINTIFF-APPELLANT,
v.
CITY OF GARFIELD, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1958.
Decided November 14, 1958.
*527 Before Judges PRICE, SCHETTINO and HALL.
Mr. George F. Losche argued the cause for plaintiff-appellant (Messrs. Losche & Losche, attorneys).
Mr. Carmen M. Belli argued the cause for defendant-respondent.
The opinion of the court was delivered by SCHETTINO, J.A.D.
Appeal is from a judgment in favor of defendant in an action brought to recover back *528 salary allegedly due plaintiff for a period of time covered by his suspension from defendant's police force.
Plaintiff, a policeman of defendant municipality, was twice indicted on December 16, 1954 for sex offenses involving children. On January 27, 1955 plaintiff was suspended by the chief of police from active duty pending the outcome of the indictments. The suspension was ratified by the governing body of defendant city. Plaintiff was convicted and sentenced but the convictions were reversed by the Appellate Division. State v. Hintenberger, 41 N.J. Super. 597 (App. Div. 1956). He was indicted for an additional offense, tried on all three indictments and acquitted on January 29, 1957.
Plaintiff applied for reinstatement on February 7, 1957 and was reinstated to duty on March 20, 1957. On the same day he was suspended from active duty by reason of indictments for false swearing and obstruction of justice arising out of the aforementioned two trials. The actions of reinstatement and second suspension were ratified by the governing body. There were never any written charges filed by the municipality, nor was there any departmental trial. It is stipulated that plaintiff during that period was ready and willing to go back to duty but defendant prevented him from doing so by its suspension. Although not part of the stipulation of facts, the trial court noted and made use of the County Court records showing that plaintiff was subsequently convicted of the false swearing and obstruction of justice charges. It was conceded that plaintiff never sought return to the police department after that conviction.
On March 26, 1957 plaintiff made application pursuant to N.J.S.A. 40:46-34 to recover back salary in the total amount of $9,416 representing a period from the day of original suspension to the date of reinstatement.
Plaintiff strongly urges the application of N.J.S.A. 40:47-6 and N.J.S.A. 40:47-8. These provisions refer to a suspension during which departmental charges are pending and prior to a departmental hearing. D'Ippolito v. Maguire, 33 N.J. Super. 477 (App. Div. 1955). These *529 statutes are not applicable since admittedly departmental charges were never brought against plaintiff.
We feel that the statute, if any statute is applicable, is N.J.S.A. 40:46-34, which reads in part as follows:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension; * * *."
Plaintiff contends that the action of the governing body in reinstating him to his position, even though it was for only part of a day, was the judicial declaration of illegality required by the statute. Defendant counters by arguing that the original suspension was not illegal and could consequently never be declared so to be. It alternatively urges that, even if it could be, it never in fact was "judicially declared" illegal. Plaintiff additionally argues that the trial court erred in considering the indictment and record of conviction of plaintiff for false swearing and obstruction of justice. (We are of the opinion that it had every right to do so. Taylor v. N.J. Highway Authority, 22 N.J. 454, 459 (1956)).
Was the plaintiff's suspension "judicially declared illegal" within the meaning of N.J.S.A. 40:46-34? Plaintiff concedes that the municipality was clearly justified in suspending a patrolman under indictment. But, plaintiff contends that, although the action was clearly justified and proper at the time it was taken, it was later found to be "illegal" by defendant's action in reinstating plaintiff to duty on March 20, 1957.
Defendant concedes, if plaintiff had been suspended pending departmental charges and after a department hearing had been acquitted and reinstated, the statutory requirement that the "suspension has been * * * judicially declared illegal" would have been fulfilled. See Strohmeyer v. Borough of Little Ferry, 6 N.J. Super. 282 (App. Div. 1950).
*530 Plaintiff urges that the word "illegal" has a special meaning under N.J.S.A. 40:46-34 and that, when the governing body restores the suspended person to duty either because acquitted in a departmental trial or in a criminal trial, defendant acknowledges the illegality of the original suspension. Plaintiff claims his position is buttressed by Rozmierski v. City of Newark, 42 N.J. Super. 14, 19 (Law Div. 1956). Plaintiff concludes that, since "judicially declared illegal" has a special meaning under the statute, he has complied with this requirement by submitting proof not of the judgment of acquittal of the second trial but by submitting proof of the act of reinstatement by the governing body. He contends no formal hearing is necessary to establish a judicial declaration.
Defendant, however, contends that no departmental charge was filed against plaintiff, no hearing was had from which stemmed the temporary order of reinstatement to duty and no finding of illegality was made by defendant.
In support of plaintiff's contention that the reinstatement was a judicial act even absent a formal hearing, plaintiff cites Lindsey v. Hudson County, 10 N.J. Misc. 627, 628 (Sup. Ct. 1932) (not officially reported), wherein Judge Ackerson stated:
"* * * the official or body charged with the duty of suspending or discharging an employe or person holding a position is acting judicially when so doing. His action is subject to review, and may be reversed. Until reversed, it stands."
Plaintiff also relies heavily upon Van Sant v. Atlantic City, 68 N.J.L. 449, 450 (Sup. Ct. 1902), where the plaintiff was dismissed as a police officer without holding a hearing, the court saying:
"The effect of these statutes is to entitle persons coming within their provisions to charges and a trial. A dismissal without these is void. But the official charged with the duty of discharging is acting judicially when so doing. His action is subject to review, and may be reversed. Until reversed, it stands."
These authorities are not, however, persuasively beneficial to plaintiff's cause. If some one in an official position *531 has the authority to make decisions and exercise discretion or judgment, he is acting judicially provided the act calls for the exercise of discretion or judgment "judicial in nature." In McFeely v. Board of Pension Commissioners, 1 N.J. 212, 215 (1948), Mr. Justice Heher stated:
"* * * Judicial discretion is a mere legal discretion  a discretion in discerning the course presented by the law; and what that has discerned it is the duty of the court to follow. Osborn v. The Bank of the United States, 1824, 9 Wheat. 738, 6 L.Ed. 204. Discretion cannot be arbitrary or capricious. The term is used in contradistinction to `ministerial'. The act is not necessarily judicial rather than ministerial simply because its performance depends upon the existence of some specific factual prerequisite. The distinguishing characteristic is whether the act or function calls for the exercise of discretion or judgment judicial in nature. The determinative is the quality of the act rather than the character of the agency exercising the authority." (Emphasis added.)
In Handlon v. Town of Belleville, 4 N.J. 99, 104-105 (1950), the court stated:
"The power to hear and determine is not peculiar to the judicial function. The mere exercise of judgment and discretion in the performance of an official act is not necessarily the exertion of what is denominated judicial power. * * * A discretion may be judicial on the one hand, or nonjudicial or legislative or executive on the other."
As we view the authorities, the fact that defendant must exercise judgment in the performance of its duties does not make the exercise of every act a judicial action nor does it make every act within its jurisdiction judicial. Sullivan v. Davis, 38 R.I. 382, 96 A. 216 (Sup. Ct. 1916). The temporary reinstatement  for a purpose obscure to us in view of the immediate new suspension  is the exercise of a ministerial police administration act rather than of a judicial act. Moreover, the indictment for false swearing and obstruction of justice was related to and arose out of the earlier indictments and their trials. There was in legal effect one continuous event, unbroken, by the momentary reinstatement. We therefore conclude that such action on the part of defendant does not meet the prerequisite required *532 by N.J.S.A. 40:46-34 that a suspension be "judicially declared illegal."
Without N.J.S.A. 40:46-34 and compliance with its requisites plaintiff would have no cause of action because the right to emoluments of a public position has no legal existence except as arising out of the "rendition of services for which they are compensatory." DeMarco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136, 141 (1956). This has been a principle of our common law for almost a century. Mayor and Council of the City of Hoboken v. Gear, 27 N.J.L. 265 (Sup. Ct. 1859). Justice Jacobs in DeMarco analyzes the cases invoking this principle.
Defendant's further argument that the original suspension, admittedly "legal" when made, can therefore never be found to be "illegal" was considered but not decided in DeMarco, a case factually analogous. Justice Jacobs there said (21 N.J. at page 145):
"Furthermore, question may be raised as to whether the plaintiff's suspension may properly be described as an illegal one within the contemplation of R.S. 40:46-34 as amended. * * * We are not here concerned with a case in which a municipal police officer was illegally suspended on departmental charges which lacked probable cause or were politically or otherwise improperly motivated. We are concerned with a case in which * * * [an] officer was indicted by a duly constituted grand jury. The indictment furnished ample ground for the action taken by the plaintiff's superior and there is no suggestion that the plaintiff's suspension was not in the public interest. * * * the public might be seriously disadvantaged if the indicted officer were permitted to function pending his trial. Since the suspension was lawful and proper when made may it now accurately be said to have been an illegal one because of the later dismissal of the indictment?"
The rationale of his opinion indicates the question might well be answered in the negative but we are not called upon to express any definitive opinion in the instant case either. Cf. Strohmeyer, supra (6 N.J. Super. 282), and Rozmierski, supra (42 N.J. Super. 14), where the facts were different, the plaintiffs having been acquitted at departmental trials after dismissals of the indictments.
The judgment is affirmed without costs.