64 N.J. Super. 385 (1960)
165 A.2d 864
JOHN GRAHAM AND DAVID JONES, PLAINTIFFS,
v.
CITY OF ASBURY PARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 29, 1960.
*387 Mr. Charles Frankel argued the matter for the plaintiffs.
Mr. Ascenzio R. Albarelli argued the matter for the defendant.
MARIANO, J.S.C.
This is an action by plaintiffs seeking the recovery of back salary for the period of suspension pending the trial and determination of criminal indictments. Defendant moves to dismiss the complaint on the ground that the same fails to state a claim against it upon which relief can be granted as a matter of law. Plaintiffs filed a cross-motion for summary judgment.
The parties are in agreement that there is no genuine issue as to any of the following material facts.

*388 FACTS.
Plaintiffs were members of the Police Department of the City of Asbury Park, a municipal corporation, and on the 7th day of November 1958, were suspended from their positions pursuant to written notices occasioned by their indictment by the Monmouth County grand jury.
No written departmental charges were served or filed, or departmental trial held. The notice of dismissal simply stated that they were suspended during the pendency of the indictments and no other charge was stated nor was there a time fixed for hearing.
On April 24, 1959 plaintiffs applied to the Civil Service Commission for reinstatement, which Commission determined that no action would be taken on the application for reinstatement until such time as the indictments had been disposed of.
On December 29, 1959 the city manager of Asbury Park requested of the Civil Service Commission permission to hire the plaintiffs in a new, temporary capacity, to wit, laborers in the Beach Department. This permission was denied.
On June 22, 1960 plaintiffs were acquitted of the criminal charges laid in the indictments, and on July 3, 1960 they were ordered back to duty as patrolmen of the City of Asbury Park Police Department and have been so functioning ever since.
Plaintiffs filed written application for salary covering the period of suspension within 30 days after July 3, 1960.
Throughout the entire period of suspension plaintiffs did not render any services for the benefit of the municipality.
Previous to the present suit plaintiffs, by complaint in lieu of prerogative writs, sought (1) reinstatement to their positions as police officers of the City of Asbury Park, from which they allege they were improperly suspended; and (2) their salaries from the date of the suspension.
Assignment Judge J. Edward Knight, in a letter opinion dated June 7, 1960, determined that the suspension was *389 based solely on the fact that plaintiff was indicted by a duly constituted grand jury of Monmouth County and not pending the preferment of any departmental charge and the holding of a hearing thereon pursuant to N.J.S.A. 40:47-8. (See files. Dockets L-8331-59 P.W. and L-8501-59 P.W. for opinions.)

LAW.

(A.)
Without N.J.S.A. 40:46-34 and compliance with its requisites, plaintiffs would have no cause of action because the right to emoluments of a public position has no legal existence except as arising out of "rendition of services" for which they are compensatory. De Marco v. Board of Chosen Freeholders of Bergen County, 21 N.J. 136 (1956); Hintenberger v. Garfield, 52 N.J. Super. 526 (App. Div. 1958). This has been a principle of our common law for almost a century, beginning with Mayor, etc., of Hoboken v. Gear, 27 N.J.L. 265 (Sup. Ct. 1859).
The statute, if applicable, is N.J.S.A. 40:46-34, which reads in part as follows:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension * * *." (Emphasis added)
Plaintiffs' first contention is that the suspensions were illegal in that defendant failed and refused over a period of time to prefer formal departmental charges against them and to afford them a departmental hearing thereon.
It is apparent from the reading of the statute that "illegally dismissed or suspended" means dismissed or suspended *390 upon charges subsequently found to be without merit in a departmental hearing. The departmental acquittal or vindication would establish the illegality of the suspension and the right to recover. Rozmierski v. Newark, 42 N.J. Super. 14 (Law Div. 1956). Defendant concedes this.
The city manager of the City of Asbury Park followed the wisest and proper course in awaiting the outcome of the criminal proceedings. In such cases defendant is placed in a delicate position. If he proceeds with the departmental hearing, he may find the officer not guilty, and yet later the criminal proceedings may nevertheless result in a conviction. In addition, if the criminal proceedings were still pending he could not reinstate plaintiffs even though they were vindicated at the departmental hearing. On the other hand, plaintiffs could have been found guilty at the departmental hearing and yet the criminal proceedings may have resulted in an acquittal. In either event, embarrassment and complication could arise. It well appears, therefore, that the city manager indulged in the proper course of conduct for the municipality in awaiting the outcome of the criminal proceedings. As a matter of fact, failure to suspend plaintiffs pending the disposition of the criminal indictments could very well have resulted in a taxpayer's suit to compel the suspension.
Reference is hereby made to that portion of the agreed state of facts above mentioned regarding Judge Knight's opinion. It is proper to state that his opinion, from which no appeal was ever taken, established the legality of the suspension.
I am unable to see that any injustice was done to plaintiffs by their suspension to await the outcome of the criminal prosecution, nor does the fact that they were so suspended establish the illegality thereof as required under the statute.
The propriety of the suspension is beyond question, for it would have been decidedly against the public interest for plaintiffs to have served as law enforcement officers while *391 under indictment. De Marco v. Board of Chosen Freeholders, etc., supra; Hintenberger v. Garfield, supra; Russo v. Walsh, 18 N.J. 205 (1955).

(B.)
Have plaintiffs' suspensions judicially been declared illegal, within the meaning of N.J.S.A. 40:46-34?
Plaintiffs contend that their acquittal of the criminal charges is equivalent to a judicial declaration of the illegality of their suspensions. Defendant's counter-arguments are: (1) that the original suspension was legal when made and can, therefore, never be found to be illegal; and (2) no judicial declaration of illegality was ever made.
Plaintiffs' argument is without merit. Generally speaking, in cases tried by a jury, the court and jury each have, under our system of jurisprudence, separate, distinct functions. It is the province of the court to determine and decide questions of law presented at the trial and state the law to the jury. The province of the jury is to decide and determine the truth in questions of fact arising, either in civil or criminal proceedings, in accordance with the instructions given by the court, and to determine the credibility of witnesses. One of the functions of a petit jury in a criminal proceeding is to determine and decide the issue of the guilt or innocence of the accused. In the instant case the jury which acquitted plaintiffs of the criminal charges did not resolve the question of the legality of the suspension. Indeed, it could not have done so because the jury in the criminal proceeding was not concerned with a case in which a municipal officer was illegally suspended on departmental charges which lacked probable cause or were politically or otherwise improperly motivated.
It is my opinion that the mere fact of acquittal of the criminal charges is not a judicial declaration of the illegality of the suspension based upon an indictment handed down by a duly constituted grand jury. An indictment establishes *392 probable cause that a crime has been committed, and a later acquittal does not destroy the validity of such a finding.
Defendant's argument that the original suspension was legal when made and can, therefore, never be found to be illegal, was considered, but not decided, in the De Marco case, supra. Mr. Justice Jacobs there stated, 21 N.J., at page 145:
"Furthermore, question may be raised as to whether the plaintiff's suspension may properly be described as an illegal one within the contemplation of R.S. 40:46-34 as amended. * * * We are not here concerned with a case in which a municipal police officer was illegally suspended on departmental charges which lacked probable cause or were politically or otherwise improperly motivated. We are concerned with a case in which * * * [an] officer was indicted by a duly constituted grand jury. The indictment furnished ample ground for the action taken by the plaintiff's superior and there is no suggestion that the plaintiff's suspension was not in the public interest. * * * The public might be seriously disadvantaged if the indicted officer were permitted to function pending his trial. Since the suspension was lawful and proper when made may it now accurately be said to have been an illegal one because of the later dismissal of the indictment?" (Emphasis added)
Judge Schettino, now Mr. Justice Schettino, in Hintenberger v. Garfield, supra, stated that the rationale of Justice Jacobs' opinion indicated that the emphasized question might well be answered in the negative. In view of my conclusion, I do not find it necessary to express any definitive opinion concerning the question.
Defendant's further argument that no judicial declaration of illegality has ever been made is, in this court's opinion, dispositive of the entire matter.
No one in an official position having the authority to make decisions and exercise discretion or judgment in matters of a judicial nature has declared the suspension illegal. Hintenberger v. Garfield, supra; McFeely v. Board of Pension Commissioners, 1 N.J. 212, 215 (1948). Where such judicial faculty is assigned to a public officer or tribunal *393 not essentially judicial in character, its exercise is termed quasi-judicial. This term is used to describe governmental officers, boards and agencies, which while not a part of the judiciary, nevertheless perform functions of a judicial character  for example, boards of adjustment. Brandon v. Board of Com'rs of Town of Montclair, 124 N.J.L. 135 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940); Handlon v. Town of Belleville, 4 N.J. 99 (1950).
Nor has any judge of any court vested with the judicial power declared illegal the suspension. The judicial power is vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction. 1947 Constitution of New Jersey, Art. VI, Sec. I, par. 1. To the contrary, the only judicial declaration made was by Judge Knight, and his act placed the stamp of judicial approval upon the suspension.
Plaintiffs cite in support of their claim for salary Strohmeyer v. Little Ferry, 6 N.J. Super. 282 (App. Div. 1950), see also 136 N.J.L. 485 (E. & A. 1948); Rozmierski v. Newark, supra; D'Elia v. Jersey City, 57 N.J. Super. 466 (App. Div. 1959); Bianchi v. Newark, 53 N.J. Super. 66 (App. Div. 1958); Miele v. McGuire, 53 N.J. Super. 506 (Law Div. 1959), modified 31 N.J. 339 (1960).
These authorities are not, however, persuasively beneficial to plaintiffs' cause. In the Strohmeyer and Rozmierski cases the facts are distinguishable. There plaintiffs were acquitted at departmental trials after dismissal of the indictments. D'Elia's services as a welfare investigator were terminated by defendant and an appeal was taken to the Civil Service Commission, which ordered reinstatement. In the Bianchi case defendant conceded that dismissal had been judicially declared illegal. Miele is authority for the proposition that Passaic Valley Sewerage Commission is not a municipality, as stated in N.J.S.A. 40:46-34.
In none of the above cases was the statutory phrase "judicially declared illegal" involved.

*394 CONCLUSION.
The purpose of the statute, of course, was to eliminate the common law rule that the right of a public officer to receive or recover wages is dependent entirely upon the performance of services. Thus the statute must be strictly construed in order to keep within the definite intention of the Legislature. Hintenberger v. Garfield, supra. The courts are not at liberty to indulge in a presumption that the Legislature intended something more than what it actually wrote in the law. Lynch v. Edgewater, 8 N.J. 279 (1951). This court is enjoined to interpret and enforce the legislative will as written, and not according to some supposed unexpressed intention. Hoffman v. Hock, 8 N.J. 397 (1952).
Plaintiffs having failed to bring themselves within the purview of the statute, I find their suspensions were legal and that they have failed to establish that the suspensions have been judicially declared illegal, which are statutory prerequisites to the successful maintenance of an action for salary in the circumstances here exhibited. Whatever injustice may appear to result from this holding can be remedied only by the Legislature and not by the courts.