69 N.J. Super. 256 (1961)
174 A.2d 244
JOHN GRAHAM AND DAVID JONES, PLAINTIFFS-APPELLANTS,
v.
CITY OF ASBURY PARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1961.
Decided October 5, 1961.
*257 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Roger H. McGlynn argued the cause for appellants (Mr. Charles Frankel, attorney; Mr. McGlynn, of counsel; Mr. McGlynn and Mr. John Russo, on the brief).
Mr. Ascenzio R. Albarelli argued the cause for respondent.
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiffs appeal from a judgment dismissing their complaint for salary, under the provisions of N.J.S.A. 40:46-34, during their suspension while under indictment.
Plaintiffs, John Graham and David Jones, are Asbury Park policemen who, on November 7, 1958, were indicted for misconduct in office. On the same day, they were suspended from duty as police officers by the local City Manager. They were never served with departmental charges, nor did they have a departmental hearing as provided by N.J.S.A. 40:47-6.
During the suspension and prior to the criminal trial, plaintiffs instituted suit seeking reinstatement to their position as police officers and payment of all salary withheld during suspension. The claim was that the city had failed to try them on charges within 30 days after service of the charges, as required by N.J.S.A. 40:47-8. On a motion, summary judgment in favor of plaintiffs was denied and the complaint dismissed on the ground that the indictment was still pending and undisposed of and that the cited statute was inapplicable where the suspension was by reason of an *258 indictment rather than in connection with departmental charges.
On June 22, 1960 plaintiffs were acquitted of the criminal charge, and within a week thereafter they applied to be and were returned to duty as police officers. On July 6, 1960 plaintiffs again made demand for their back salary, relying upon N.J.S.A. 40:46-34. On August 1, 1960 they filed a complaint seeking to recover their salaries for the time they were suspended. Defendant, by its answer, denied that plaintiffs had fulfilled the conditions of the statute. The trial court, in denying their motion for summary judgment, held that they were not within the purview of the statute and dismissed their complaint, declaring that their suspension had not been "judicially declared illegal" as required by the statute. Graham v. Asbury Park, 64 N.J. Super. 385 (Law. Div. 1960). Hence, the present appeal is taken from the final judgment.
The pertinent part of N.J.S.A. 40:46-34 reads as follows:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension * * *."
The foregoing statute constitutes a combination of earlier statutes. The first was enacted to apply to municipal employees generally, L. 1918, c. 139, § 1, p. 322, and amended by L. 1919, c. 149, p. 323. The second was enacted to apply to municipal policemen and firemen, L. 1926, c. 153, § 1, p. 257. In 1948, the Legislature consolidated the various provisions into the present statute, N.J.S.A. 40:46-34. The purpose of these various statutes was to abrogate in part the basic common law rule denying public officers recovery of salary unless it had actually been earned by the rendition of services. De Marco v. Bd. of Chosen Freeholders of Bergen County, 21 N.J. 136, 139, 145 (1956); City of *259 Hoboken v. Gear, 27 N.J.L. 265 (Sup. Ct. 1859). The present statute permits recovery of salary by, inter alia, policemen for the "period covered by the illegal * * * suspension" and after "such * * * suspension has been or shall be judicially declared illegal * * *." The plaintiffs contend that they are entitled to back salary since their suspensions were illegal and have been judicially so declared, if not literally, then within the fair meaning of the statute, as evidenced by its history and confirmed by judicial construction.
The formal notice that plaintiffs received from the municipality, informing them that they were suspended for an indefinite period of time, further stated that before final action was taken "a hearing will be held * * * at which time you may appear and offer any evidence or testimony in your defense." It is conceded that charges were never preferred against plaintiffs, nor were they given a hearing, as ordinarily required by N.J.S.A. 40:47-6 in cases of dismissal or suspension of policemen.
It is clear, however, that the mere return of the indictment supplied ample justification for plaintiffs' suspension since it would be against the public interest for plaintiffs to serve as law enforcement officers while they were under indictment. De Marco v. Bd. of Chosen Freeholders of Bergen County, supra. The defendant, City of Asbury Park, disputes the applicability of the present statute on the basis that no departmental charges were brought against the plaintiffs and therefore there was not, and could not have been, the statutory prerequisite of a judicial declaration of the illegality of the suspension. It is conceded by the defendant that if charges had been preferred against the plaintiffs and they had been found not guilty, even at a pro forma hearing following their acquittal of a criminal charge predicated on the same occurrence, the claim would be controlled by Rozmierski v. City of Newark, 42 N.J. Super. 14 (Law Div. 1956), wherein Judge Gaulkin held the statutory requirement of a judicial determination of the illegality of *260 the suspension satisfied in a case where there had been departmental charges and an acquittal thereof at the hearing, but no indictment. It is because of the absence of departmental charges and a hearing thereon that the plaintiffs did not fall within the statutory provisions of an illegal suspension.
The defendant places reliance upon De Marco v. Bd. of Chosen Freeholders of Bergen County, supra, and Hintenberger v. Garfield, 52 N.J. Super. 526 (App. Div. 1958), certification denied 28 N.J. 566 (1959). However, De Marco was decided solely on the ground that the statute was not available to county employees, being applicable only to municipal employees. In Hintenberger, supra, 52 N.J. Super., at page 532, the court adverted to the question of whether a suspension may properly be described as illegal on the basis of a later vindication of a criminal charge. The court stated that the question "might well be answered in the negative but we are not called upon to express any definitive opinion in the instant case either."
In Strohmeyer v. Borough of Little Ferry, 136 N.J.L. 485 (E. & A. 1947), a policeman who had been indicted was suspended from duty pending a hearing on charges. Later, he was found not guilty and restored to duty. He was denied his claim of salary during his suspension since R.S. 40:46-34, as then in effect, gave relief only where policemen have been "illegally dismissed," and did not provide for recovery where he had been suspended. Within six months thereafter, the statute was amended, L. 1948, cc. 163 and 395, so as to add the references to "suspension" now found in the act, and made expressly retroactive to determinations made prior to the effective date of the act. Strohmeyer, relying on the amendments, again instituted suit and recovered his back salary. The court ruled that the suspension was illegal and had so been declared judicially, within the intent of the act as amended. Strohmeyer v. Borough of Little Ferry, 6 N.J. Super. 282, 284 (App. Div. 1950).
*261 In our judgment, the Strohmeyer litigation and the course of legislative treatment of this matter consequent thereon affords a guideline for a correct determination of this appeal. It is clear from the Strohmeyer cases and the intervening amendments of the statute that it was the intention of the Legislature to relieve municipal employees who are in a predicament comparable to that of Strohmeyer, in whose case an indictment has been nolle prossed, departmental charges preferred and dismissed and the employee restored to duty. Strohmeyer was permitted to recover his back salary on the express basis that the 1948 amendments covered not only an illegal dismissal, as previously provided by the act, but also a suspension in a case like his. The Appellate Division brushed aside the argument that plaintiff's suspension had not been "judicially declared illegal." It reasoned that the governing body, when acting in a deliberative capacity, acted as a quasi-judicial body in dismissing the charge, and that such dismissal was a declaration that plaintiff's suspension was illegal within the meaning of the phrase "judicially declared illegal." (6 N.J. Super. 284.)
It is clear that the question for our determination was not presented in either the De Marco or Hintenberger cases. A case clearly analogous to the instant situation is the aforementioned Rozmierski v. City of Newark, supra (42 N.J. Super. 14), where a police officer was suspended and served with written charges for allegedly soliciting a bribe. After hearing, Rozmierski was found not guilty of the charges and ordered to return to duty. He demanded his salary for the period of his suspension. Upon refusal of payment, he instituted suit, relying upon N.J.S.A. 40:46-34. Judge Gaulkin there held the Strohmeyer Appellate Division decision applicable to the case before him and ruled that departmental acquittal was tantamount to a judicial declaration of the illegality of the original suspension. (42 N.J. Super. 19, 20.) See D'Ippolito v. Maguire, 33 N.J. Super. 477, 486 (App. Div. 1955). It was pointed out in the Rozmierski case that the statement annexed to the 1948 bill which *262 amended the statute expressly stated that the intent was to change the result in such a case as Strohmeyer's, involving suspensions. There, too, it could not be said literally that the suspension was illegal when first imposed, yet it is obvious that the Legislature regarded such a situation as one for relief, notwithstanding its retention of the verbiage referring to "illegal" suspensions.
In our view, there is no reasonable basis to distinguish between a situation where a policeman is indicted and subjected to departmental charges arising out of the same occurrence, followed by his acquittal and dismissal of the charges (the latter more or less pro forma because of the outcome of the trial) and, on the other hand, one where the municipality has not filed any charges against the policeman but has suspended him temporarily solely because he has been indicted, and later restored him to duty upon his acquittal of the criminal charge. To all practical intents and purposes, the position of the policemen vis-a-vis the municipality is parallel in both situations. They have been accused of a crime, have been vindicated of the charges and seek recovery of their salary for the period of their suspension. To assume that the Legislature intended to make a distinction between the two situations stated would be to impute an arbitrary and illusory distinction having no basis in policy, logic or practical considerations. Concededly, the statutory requisite of a judicial declaration of the illegality of the suspension is not literally satisfied in either of the comparative situations discussed, if understood to mean a declaration of illegality as of the date of suspension. As pointed out in De Marco v. Bd. of Chosen Freeholders of Bergen County, supra (21 N.J. 136), a suspension of a policeman indicted for misfeasance cannot be held to have been "illegal" in the sense of being without lawful warrant at the time made. But that circumstance has nothing to do with the legislative purpose and policy underlying the statute in relation to suspensions. The requirement for a judicial determination of illegality did have significance prior *263 to the 1948 amendments when applied solely to "dismissals," since an employee could not ordinarily regain his position against the will of the local officials without a judicial or quasi judicial determination of the illegality of his dismissal.
The argument advanced by the city involves the completely unjustifiable consequence that where an employee is indicted, the city officials would be able to control the incidence of back pay simply by deciding whether or not to file departmental charges. If they did, and dismissed the charges after the indictment was disposed of in favor of the employee, he would receive his back salary. If, however, they filed no such charges, he would not receive his back salary, notwithstanding his acquittal, or other disposition in his favor, of the indictment. It is inconceivable that the Legislature intended to make recovery of back pay dependent upon such an arbitrary determination by the municipal authorities.
More careful draftsmanship of the 1948 amendments, in light of the obvious statutory intent thereof, might well have eliminated the requirement for judicial declaration of the illegality of a suspension, as distinguished from a dismissal, since that requirement while appropriate to cases of outright dismissal, is anomalous in relation to the situation of temporary suspension pending the outcome of charges, criminal or departmental. But we should not permit ourselves to be blindly detoured from the true and obvious legislative intent in amending this act by any carelessness or inadvertence on the part of the draftsmen of the bill. Service of the plain legislative intent requires the allowance of recovery in this case. See the comprehensive discussion of this problem in 15 Rutgers L. Rev. 516, 523-30 (1961).
Judgment reversed and remanded for the entry of a judgment in favor of the plaintiffs, without costs.