JAMES R. CLAY, RELATOR, v. POLICE AND FIRE PENSION FUND COMMISSION OF THE CITY OF CAMDEN, RESPONDENT.

Submitted May 3, 1938—Decided September 13, 1938.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the relator, *Alex. P. Schuenemann, 3d* (*Horace G. Brown,* of counsel).

For the respondent, *Firmin Michel.*

Brogan, Chief Justice. This is an action on *mandamus.* The facts upon which the alternative writ was awarded are admitted by the return. A demurrer was filed by the relator.

The facts are as follows: The relator, James R. Clay, served as a member of the police department of the city of Camden from July 1st, 1905, until July 2d, 1928, when, as a police sergeant, receiving a monthly salary of $185, he was retired at half pay. He received such pension ($92.50 per

month) until April 1st, 1933; thence until January 15th, 1938, two per cent. was deducted therefrom; thereafter four per cent. was deducted therefrom. The respondent alleges that the first deduction of two per cent. was made under the authority of section 4, chapter 160, *Pamph. L.* 1920, as amended by chapter 185, *Pamph. L.* 1928, and the four per cent. deduction made by virtue of the amendment of 1935 (chapter 171) *Rev. Stat.* 43:16-5, and that the deductions are mandatory.

It is admitted that the relator is sixty-seven years of age, has never been married, and has no dependents; that he neither consented to nor authorized the deductions. He says that having no dependents deductions should not be made in his case, and prays that henceforth the amount of his pension be paid him without deductions and, further, that there be repaid to him the total of deductions already made.

As to a refund, we are of the opinion that the claimant is in laches. Deductions were made beginning April 1st, 1933, and he waited five years before seeking relief from what he now says was an illegal exaction from his pension money. An estoppel by conduct, as to past deductions, exists. The main question in the case, however, concerns present and future deductions.

It is true, as relator claims, that after his death no pension benefit could come to any woman he might now marry since the statute, *supra* (43:16-3, 16-4) provides that no such claim, by a widow of a deceased member of the pension fund, shall be honored if the parties were married after the "member" shall have retired and shall have reached fifty years of age which, of course, would be the situation in this case. It is clear that such widow would have no claim. But suppose there were children born of such marriage—*quære,* would they have a valid claim arising out of their father's contributions to the pension fund?

The statutory provisions, as we read them, provide that deduction shall be made from pension money after the member's retirement as well as deductions from salary before retirement (43:16-3). The objection of the relator is that

any deduction from his pension money is unjust since he has no dependents and says he can have none. That he has no dependents now is admitted; that he can have none who may be benefited cannot be admitted, as we pointed out above. It is not optional with a pensioner to pay or not to pay out of pension the amount of the deductions fixed by the statute (43:16-3; 43:16-5). *Whalen* v. *Pension Commission, &c.,* 7 *N. J. Mis. R.* 964; *affirmed,* 107 *N. J. L.* 198.

It may be that the relator may never have a dependent who could profit under the pension plan outlined by the statute. If this turns out to be the fact it is a situation perhaps that the legislature did not foresee—a *casus omissus*—but the general language of the act comprehends the relator as well as those members or pensioners who have dependents *in esse.*

The writ is dismissed and judgment will be for the respondent with costs.