68 N.J. Super. 391 (1961)
172 A.2d 445
ESTATE OF FRANK R. FEHER, PLAINTIFF-APPELLANT,
v.
BOARD OF TRUSTEES, PUBLIC EMPLOYEES RETIREMENT SYSTEM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1961.
Decided July 12, 1961.
*392 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Joel M. Mangel argued the cause for appellant (Messrs. Gardner & Williams, attorneys; Mr. Joel M. Mangel and Mr. Victor C. Otley, Jr. on the brief).
Mr. Elias Abelson argued the cause for respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney; Mr. Lee A. Holley, Deputy Attorney General, of counsel).
The opinion of the court was delivered by KILKENNY, J.A.D.
Pursuant to R.R. 4:88-8, the estate of Frank R. Feher appeals from a final decision of the Board of Trustees of the Public Employees Retirement System of New Jersey (hereinafter "Retirement System"). The Board denied the estate's application for a refund of Feher's personal contributions, as a Passaic policeman, to the Passaic Police Pension Fund, and later to the Consolidated Police and Firemen's Pension Fund (hereinafter "Consolidated").
On July 16, 1935 Feher became a member of the police department of the City of Passaic. As such he contributed 4% or 5% of his salary to the local police pension fund, and later to its successor, Consolidated, pursuant to R.S. 43:16-1 et seq. (P.L. 1920, c. 160).
*393 Feher continued in active employment as a Passaic policeman until December 1, 1951, when he was granted a leave of absence to take a position with the New Jersey Turnpike Authority. This leave of absence continued until December 31, 1956. Feher was employed by the Turnpike Authority as Safety Supervisor from December 1, 1951 until his death on February 10, 1959.
The record does not disclose Feher's salary through the years as a Passaic policeman or the total amount of his personal contributions to the Passaic and Consolidated police pension funds. We estimate those contributions as approximately $2,500. The Retirement System says that a liberal estimate would place the sum "in the neighborhood of $2000." The attorney for the estate stated at oral argument that he did not know the amount of these contributions, but that the recovery sought is limited to the amount thereof.
On November 5, 1956 Feher applied, as a non-veteran employee, for membership in the Retirement System. In doing so, he sought prior service credit in the System from July 16, 1935 to January 1, 1956 on the basis of his actual service as a Passaic policeman and his continued leave of absence from the Passaic Police Department. Feher was granted 21 years, 6 1/2 months prior service credit with the System, under R.S. 43:2-1 and 2. For his continued employment with the Turnpike Authority from January 1, 1956 to the date of the application, Feher was allowed to purchase, by payment of back contributions, this additional service credit. He continued his membership in the Retirement System, making the appropriate contributions in the form of deductions from his salary until the date of his death.
Upon Feher's death, his widow qualified as beneficiary for death benefits pursuant to N.J.S.A. 43:15A-41(c). Accordingly, she was paid $10,327.50 in free insurance benefits, an amount equal to one and one-half times his salary at death. Feher had also availed himself of the inexpensive contributory insurance plan, so that his widow received the *394 further sum of $5,163.75 as additional death benefits. Feher's personal contributions to the Retirement System, in the form of deductions from his salary as a Turnpike employee amounted to $904.73. This amount of $904.73 credited to Feher's individual account in the State's annuity savings fund, plus $6.15 interest thereon, for a total of $910.88 was also paid to Feher's widow, pursuant to N.J.S.A. 43:15A-41(c).
Under N.J.S.A. 43:15A-41(c), if a member of the Retirement System dies while a member, his designated beneficiary or the representative of his estate is entitled to be paid "(1) His accumulated deductions at the time of death together with regular interest; * * *." Such accumulated deductions are defined in N.J.S.A. 43:15A-6(a) as the "sum of all the amounts, deducted from the compensation of the member or contributed by him, standing to the credit of his individual account in the annuity savings fund." In Feher's case, the amount standing to his credit in his individual account in the Retirement System was the aforesaid total sum of $910.88 and this was paid. However, Feher's estate contends that it is also entitled to a return of the pension deductions from Feher's salary as a Passaic policeman and received by the Passaic Police Pension Fund, and later by Consolidated.
Such personal contributions to the police pension funds were not subject to withdrawal upon the resignation or death of the contributor. Compulsory deductions from the salaries of policemen and firemen for support of their pension funds under P.L. 1920, c. 160 created no contractual or vested equity. Salley v. Firemen's & Policemen's Fund Commission, 124 N.J.L. 79 (Sup. Ct. 1940). This 1920 law made no provision for a return of such compulsory deductions. Clay v. Police and Fire Pension Fund Commission of City of Camden, 121 N.J.L. 19 (Sup. Ct. 1938). Assembly Bill No. 539 of 1959, which would have allowed members of Consolidated to withdraw accumulated deductions was vetoed by the Governor on January 12, 1960 *395 in a message noting: "this fund had become so hopelessly insolvent that from 1944 no new members have been allowed to join it."
When Feher was allowed to transfer his prior service credit as a policeman to obtain the benefits thereof as a new member of the Retirement System, the System's actuary determined that $6,202 was the reserve amount necessary to be placed in the System to keep it actuarially sound. Consolidated agreed to transfer that sum to the Retirement System, as an intra-agency arrangement. The Retirement System and Consolidated are State agencies. Consolidated thereby diminished its potential liability to Feher and his wife, and the Retirement System absorbed a new account with a pre-existing service credit liability of 21 years, 6 1/2 months.
The sum of $6,202 transferred by Consolidated to the Retirement System did not represent any money which Feher was entitled to withdraw from Consolidated. Feher's personal contributions to the police pension funds had not amounted to half of that $6,202. That amount was simply a figure arrived at by actuarial experts to resolve a financial problem affecting the two State agencies. As noted above, Feher, a pre-1944 policeman, had no equity in or right of withdrawal from the local pension fund or Consolidated as to deductions from his salary deposited in these police pension funds. Contrast N.J.S.A. 43:16A-43, applicable only to persons becoming policemen or firemen after June 30, 1944, establishing their rights to the return of their contributions. However, the Legislature had not extended such right of return to policemen or firemen appointed before June 30, 1944, and covered by P.L. 1920, c. 160.
When the Retirement System received the $6,202 from Consolidated, the amount was not credited to Feher's individual account in the annuity savings fund. Rather, it was placed in the System's Contingent Reserve Fund to establish a proper reserve to cover Feher's potential retirement. The Contingency Reserve Fund under N.J.S.A. 43:15A-24 *396 is made up of employer contributions, as compared with the "Annuity Savings Fund," N.J.S.A. 43:15A-25, made up of employees' contributions, both funds being part of the System. The Retirement System did not recognize the $6,202, or any part thereof, as coming from Feher or returnable to him, or his beneficiary or estate. Thus, it was never intended that the amount so transferred, or any part thereof, was to be credited to Feher's individual account, subject to withdrawal under the provisions of N.J.S.A. 43:15A-41(c).
Feher's Estate relies upon R.S. 43:2-1 and 2 as statutory support for its claim. R.S. 43:2-1 merely authorizes transfer of service credit.
It provides:
"Any * * * employee who is a member of * * * any retirement system * * * operated * * * by the State, and in which system * * * the member contributes thereto, * * * may transfer his membership to another retirement system upon accepting an office or position in another branch of service * * *."
R.S. 43:2-2 provides:
"Upon his entry into the other system or fund he shall be admitted with the credit for prior service to which he was entitled in the system or fund from which he shall have withdrawn and he shall be permitted to deposit in the second retirement system or pension fund the total amount of his contributions so withdrawn from the first retirement system, and the board or administrative head of the first retirement system may transfer to the second retirement system or fund the funds or credit to which the withdrawing member was entitled. He shall, thereupon, as a member of the second retirement system, be entitled to such credit in the way of pension and annuity as is provided by law in the second retirement system or fund, with the prior service credit to which he was originally entitled in the first retirement system."
Consolidated did not transfer to the Retirement System any "funds or credit to which the withdrawing member (Feher) was entitled," because Feher was not "entitled" to any funds in Consolidated. Therefore, all money in *397 Consolidated was employer money and transfer from this fund was a transfer of employer money, in which no member had a refundable equity. The transferred money was properly allocated under N.J.S.A. 43:15A-24 to the Contingent Reserve Fund, which represents employer contributions.
Appellant's claim in part proceeds upon the assumption that the amount of $6,202 transferred by Consolidated to the Retirement System to make Feher's account actuarially sound, or some part thereof, was money that belonged to Feher. That assumption is erroneous. Feher was not entitled to withdraw the deductions from his salary and received by Consolidated. The transfer of money by Consolidated to the Retirement System did not make collectible by Feher, or his estate, that which was not collectible by him or his estate prior to the transfer.
The argument is made that, if Feher had remained a policeman and had died, while his contributions would not be collectible, his widow would have received a pension. Therefore, it is contended that, if the contributions are not returnable, she should get an equivalent pension from the Retirement System. Disregarding the fact that this appeal is by the estate of Frank R. Feher, and not by his widow, the argument is devoid of merit. It ignores both the facts and the law. Feher was no longer a policeman when he died. Therefore, the statute providing a pension to the widow of a policeman does not apply. The statute creating the Retirement System makes no provision for such alternate relief. The right to a pension or to a return of pension contributions exists only where a statute provides therefor. Plunkett v. Board of Pension Commissioners of City of Hoboken, 113 N.J.L. 230 (Sup. Ct. 1934), affirmed 114 N.J.L. 273 (E. & A. 1935); Salley v. Firemen's and Policemen's Pension Fund Commission, 124 N.J.L. 79, 83 (Sup. Ct. 1940); Matthews v. Board of Education of Irvington, 31 N.J. Super. 292, 296-297 (App. Div. 1954); McHugh v. County of Burlington, 44 N.J. Super. 401, 405 *398 (App. Div. 1957). By voluntarily transferring from the police pension fund to the Retirement System, Feher gave up certain rights, but he acquired others. His wife thereby lost a potential right to a pension as a policeman's widow, but she gained the insurance benefits enuring to the beneficiary of a deceased member of the Retirement System. Realistically, the latter far exceeded the sum in contention in this proceeding.
We conclude that Feher's personal contributions to the Passaic and Consolidated police pension funds could not legally be withdrawn by him, his widow, or his estate upon his resignation or death, while a member of those funds. Therefore Feher had no withdrawal rights as to his police pension contributions, when he transferred to the Retirement System as of 1956. The transfer of service credit enhanced Feher's retirement income potential, but did not make withdrawable salary deductions which could not have been previously withdrawn. Consolidated's intra-agency transfer of funds to the System's Contingent Reserve Fund to continue the System's goal of actuarial soundness did not augment Feher's individual account in the System. Therefore, the determination of the Board of Trustees of the Public Employees Retirement System in rejecting the application of Feher's Estate for a refund of Feher's contributions to the police pension funds is affirmed.