Gerard J. Bruns and Grace L. Bruns v. Commissioner.
Bruns v. Commissioner
Docket No. 1962-63.
United States Tax Court
T.C. Memo 1965-74; 1965 Tax Ct. Memo LEXIS 254; 24 T.C.M. (CCH) 403; T.C.M. (RIA) 65074; April 2, 1965
*254 Held, amounts withheld from the salary of petitioner during 1960 and contributed to the New Jersey Consolidated Police and Firemen's Pension Fund constitute income taxable to him under section 61(a), I.R.C. 1954. Alvin C. Martin, for the petitioners. Robert E. Shapiro, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: Respondent has determined a deficiency in petitioners' income tax for 1960 in the amount of $56.16. The issue presented for our decision is whether the $270 amount withheld from the salary of petitioner Gerard J. Bruns during 1960 and paid to the New Jersey Consolidated Police and Firemen's Pension Fund constitutes income in the nature of compensation for services taxable under section 61(a) of the Internal Revenue Code of 1954. All of the facts have been stipulated and are found as stipulated. Petitioners Gerard J. Bruns and Grace L. Bruns are husband and wife residing at Newark, New Jersey. They filed their joint income tax return for 1960 with the director at Newark, New Jersey. The return was prepared on the cash method of accounting. Petitioner Gerard Bruns was born on May 20, 1903. He married his wife Grace on May 30, 1926. Petitioner's children Joan Ann Walker (nee Bruns) and Dorothy Rita Bruns were born on February 6, 1939, and September 19, 1943, respectively. *256 Gerard Bruns has been employed continuously as an active member of the Newark Police Department with the rank of patrolman since July 6, 1926, and currently is so employed. Throughout his employment as a patrolman by the Newark Police Department, Bruns has been subject to the 1920 Pension Act, New Jersey Laws 1920, chapter 160, section 1, et seq., as amended and currently incorporated in the New Jersey Statutes Annotated 43:16-1 to 43:16-21, inclusive. Pursuant to the New Jersey statutes, compulsory deductions consistently have been made from petitioner's salary from July 1926 to date. The amounts withheld from his salary by the City of Newark were paid into the Newark Police and Firemen's Pension Fund (sometimes hereinafter referred to as the Newark Fund) until July 1, 1953. Since July 1, 1953, the amounts so withheld have been contributed to the Consolidated Police and Firemen's Pension Fund (sometimes hereinafter referred to as the Consolidated Fund). From July 6, 1926 to June 23, 1964, compulsory deductions totaling $5,931.78 have been made from petitioner's salary and have been paid into one of the above-mentioned pension funds. The amounts withheld from petitioner's salary *257 and paid to the Newark Fund and the Consolidated Fund have not been credited to an individual account in his name. Petitioner's salary and the amounts that have been withheld therefrom and paid into the Newark Fund and the Consolidated Fund during the years 1951 to 1963, inclusive, are as follows: Compulsory
Year
Salary
deduction
1951
$3,900 $195
1952
4,400
220
1953
4,400
220
1954
4,900
245
1955
4,900
245
1956
4,900
245
1957
5,200
260
1958
5,400
270
1959
5,400
270
1960
5,400
270
1961
6,000
300
1962
6,000
300
1963
6,000
300
Gerard Bruns' salary from 1951 through 1963 as shown above reflects salary increases applicable to all members of the Newark Police Department. Petitioner's annual salary and the compulsory deduction therefrom at the present time amount to approximately $6,600 and $330, respectively. Petitioner has been eligible to retire since May 20, 1954, when he attained the age of 51 and had to his credit more than 25 years of active service as a patrolman with the Newark Police Department. The New Jersey Statutes Annotated pertaining to pension benefits for policemen and firemen provide in pertinent *258 part as follows: 43:16-1. Retirement for age and service In all municipalities any active member of a police department or of a paid or part paid fire department or of a county police department including active members of the paid or part paid fire departments of any fire district located in any township which has adopted the provisions of an act entitled "An act providing for the retirement of policemen and firemen of the police and fire departments in municipalities of this State, including all police officers having supervision or regulation of traffic upon county roads, and providing a pension for such retired policemen and firemen and members of the police and fire departments, and the widows, children and sole dependent parents of deceased members of said departments," approved April fifteenth, one thousand nine hundred and twenty (P.L. 1920, c. 160) or of chapter sixteen of Title 43 of the Revised Statutes, who shall have served honorably in the police or fire department for a period of twenty-five years and reached the age of fifty-one years, or any employee member of any such department who shall have served honorably in such department for a period of twenty-five years *259 and who has reached the age of sixty years shall, on his own application, be retired on a service retirement pension equal to one-half of his average salary. Any active member of the police or paid or part paid fire department including active members of the paid or part paid fire department of any fire district as aforesaid who shall have served honorably for a period of twenty-five years and reached the age of sixty-five years and any employee member of any such department who shall have served honorably in such departments for a period of twenty-five years and reached the age of seventy years shall be retired on a service retirement pension equal to one-half of his average salary. * * *
43:16-3. Pension to dependents of retired member The widow of a member of such police or paid or part-paid fire department, who shall have been retired on a service retirement pension, or who shall have continued in service after becoming eligible for such pension and shall not have lost his life while on duty, or who shall have been retired on a service disability pension, and which member shall have paid into the fund the amount of his annual assessments or contributions required by section *260 43:16-3 of the Revised Statutes and if he shall have been retired on pension continued so to do after his retirement and until his death, shall, if she married her husband before the date of his retirement and before he reached fifty years of age and did not marry such member while he was suffering from the last illness which resulted in his death, receive a pension for so long as she remains unmarried equal to one-half of the average salary of her deceased husband but not to exceed the sum of one thousand dollars ($1,000.00) annually for the use of herself and the children of her deceased husband, if any, under eighteen years of age * * *
43:16-5. Pension funds; consolidation; contributions * * *
(a) There shall be deducted from every payment of salary to each member, as defined in the supplement to this chapter enacted by laws of one thousand nine hundred and forty-four, chapter two hundred fifty-three, section twelve, as amended and supplemented, and paid into said consolidated fund five per centum (5%) of the amount thereof if he entered the service on or before attaining the age of thirty-five years, and if he entered the service after attaining the age of thirty-five *261 years the percentage shall be increased to such an amount as shall be determined by the commission to correspond to the risk arising by his additional age. There shall be deducted from every pension payment to each retired or pensioned member, and paid into said consolidated fund, two and one-half per centum (2 1/2%) of the amount thereof instead of five per centum (5%). * * * 43:16-6.1 Consolidated Police and Firemen's Pension Fund Commission There is hereby established in the Division of Investments in the Department of the Treasury a commission of this State, which shall be known as the Consolidated Police and Firemen's Pension Fund Commission, and shall consist of nine members; two of whom shall be elected by the policemen, and two of whom shall be elected by the firemen, who are members of the municipal pension funds consolidated in accordance with the provisions of this chapter, four of which members shall be appointed by the Governor, with the advice and consent of the Senate, and the remaining member whereof shall be the State Treasurer, ex officio, or, when so designated by him, the Deputy State Treasuer. * * *
43:16-6.2 Annual meeting of commission; employees; *262 records; Attorney-General as legal adviser; actuary The commission shall keep, in convenient form, such data as may be necessary for the actuarial evaluation of the fund committed to its charge and to serve as a record of its experience in the administration of the pension system dependent upon such fund. A record shall be kept of all proceedings of the commission, which shall be open to public inspection. The Attorney-General shall act as the legal adviser of the commission. The commission shall select and appoint an actuary, who shall be the technical adviser of the commission on all matters regarding the operation of the pension fund not otherwise prescribed by law. * * * 43:16-7. Management of fund; rules and regulations; payment of moneys and assets over to State Treasurer; exemption of pensions; investments The commission shall have sole control and management of said consolidated fund and of the retirement of members, and control of the granting of pensions, and may make all necessary rules and regulations with regard thereto, provided the same be not inconsistent with this subtitle. All moneys and assets of and belonging to the funds consolidated and required by this *263 chapter to be consolidated and transferred to the commission, together with all increments and contributions thereto shall be received and paid over to the State Treasurer, whose official bond shall cover the same. No moneys shall be paid out of the consolidated fund except upon the warrant of the commission, signed by its chairman and secretary. * * *
43:16-17. Definitions. The following words and phrases as used in this act, unless a different meaning is plainly required by the context, shall have the following meaning: (1) "Member" shall mean a person who on the effective date of the act of which this act is amendatory, that is on July first, one thousand nine hundred and forty-four, was a member of a municipal police department or paid or part paid fire department or county police department or a paid or part paid fire department of a fire district located in a township and who has contributed to the pension fund established under chapter sixteen of Title 43 of the Revised Statutes and shall hereafter contribute to said fund. * * *
(7) "Service" shall mean service rendered while a member is employed by a municipal police department, paid or part paid fire department, *264 county police department or paid or part paid fire department of a fire district located in a township prior to the effective date of this act for such service to such departments thereafter. (8) "Pension" shall mean the amount payable to a member or his beneficiary under the provisions of this act. (9) "Average salary" shall mean the average annual salary paid during the last three years of a member's service, or in the event he has been employed for less than three years, the average pay he received during the time he was employed. * * *
(11) "Dependent parent" shall mean the father or mother of the deceased member who proves to the satisfaction of the commission that such deceased member was his or her main support. In their income tax return for 1960 petitioners did not report any part of the $270 amount withheld from the salary of Gerald Bruns during that year and paid into the Consolidated Police and Firemen's Pension Fund. In his notice of deficiency respondent determined that the entire $270 amount withheld from the salary of Bruns during 1960 represents income taxable to him for that year. Petitioners contend that the compulsory deductions totaling $270 made *265 from the salary of Gerard Bruns by the City of Newark during 1960 and paid into the Consolidated Police and Firemen's Pension Fund do not constitute taxable income to them for that year because they claim he did not have a vested interest in the amounts so withheld and his prospective pension benefits were forfeitable under the New Jersey statutes. The respondent takes the position that petitioner Gerard Bruns was entitled, pursuant to the laws of New Jersey, to receive pension benefits under any contingency and that the amount withheld from his salary during 1960 is in the nature of additional compensation paid him for his services as a patrolman for the City of Newark. Section 61(a) of the 1954 Code provides that gross income includes all income from whatever source derived, including compensation for services, fees, commissions, and similar items. [1] The fundamental question presented here is whether the $270 amount withheld from petitioner's salary in 1960 constitutes compensation paid him by his employer during that year. *266 In Commissioner v. Smith, 324 U.S. 177, a case involving employee stock options, the Supreme Court stated concerning section 22(a) of the Revenue Act of 1938, a predecessor to section 61(a) of the 1954 Code: Section 22(a) of the Revenue Act is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected. * * * Petitioner's "salary" within the meaning of section 43:16-5 of the New Jersey Statutes Annotated was $5,400 in total amount during 1960. From his total salary there was withheld by his employer 5 percent or $270 which was paid to the Consolidated Police and Firemen's Pension Fund. Under the New Jersey statutes petitioner's stated compensation clearly included the amount withheld and paid into the pension fund. The $270 amount withheld was treated by petitioner, other than in his return for 1960, and his employer as constituting a portion of his salary and as compensation for his services rendered to the City of Newark. The respondent urges that the situation presented here is essentially the same as that involved in Miller v. Commissioner, 144 F. 2d 287, *267 affirming 2 T.C. 267, in which it was held that the compulsory contributions of an employee of the United States Government to the Civil Service Retirement fund represent gross income to the employee during the year the contributed amount was withheld from his salary. The Court of Appeals for the Fourth Circuit there pointed out that the arrangement between the taxpayer and his employer under the Civil Service Retirement Act was the same in effect as if the employee had received his entire salary in cash and then had returned a percentage equal to the amount withheld to the Civil Service Commission with instructions to use the amount contributed for the purchase of an annuity. The court there stated: When he was employed as a civil service employee he accepted such employment subject to all the conditions and provisions of law relating to civil service employees, one of which is that he shall be deemed to consent and agree that 3 1/2 per centum of his salary shall be deducted and be used to purchase the retirement benefits granted by the Act. That consent is as much a part of the conditions of his employment as any other provision of law relating thereto. The effect *268 of his agreement is the same as if he had received his entire salary in cash, and then sent 3 1/2 per centum thereof to the Civil Service Commission for the purchase of the annuity provided by law. Here, as in Miller v. Commissioner, supra, petitioner by accepting employment with the City of Newark impliedly consented to the application by his employer of a certain percentage of his stated compensation to the Consolidated Police and Firemen's Pension Fund. The 5 percent amount withheld during the year in issue was in fact paid into the fund during 1960 and was used to finance a retirement pension for his benefit. Petitioner alone was entitled to benefit from the fruit of his salary withholdings. Although Gerard Bruns was not entitled to a refund of the compulsory deductions withheld from his salary during 1960 ( Estate of Feher v. Board of Trustees, 68 N.J. Super. 391, 172 A. 2d 445), it appears that the only incident of ownership he lacked was possession of the withheld amounts. He was eligible to retire under the New Jersey Statutes on May 20, 1954, having reached the age of 51 years and having served the Newark Police Department for more than 25 years. *269 He was elected rather to continue in active service as a patrolman. Having attained retirement eligibility in 1954, he has acquired a vested interest in the benefits of the Consolidated Fund which he, in 1960, could have reduced to possession simply by retiring. Upon qualifying for retirement eligibility he cannot be deprived under the laws of New Jersey of his rights to receive pension benefits at any time he elects to retire. McFeely v. Board of Pension Com'rs of the City of Hoboken, 1 N.J. 212, 62 A. 2d 686. Petitioner contends that his pension fund benefits are forfeitable because, under the statutory provisions governing the Consolidated Fund, conviction of a crime or a finding of dishonorable service results in a forfeiture of retirement benefits. He further points out that, in the event of his death without a surviving widow or in the event of a statutory repeal by the New Jersey legislature, he could lose the prospective retirement benefits to which he currently is entitled. We do not think that the facts that petitioner's pension benefits could be forfeited through the commission of a felony or a finding of dishonorable service are at all significant because *270 such contingencies are exclusively within his control. See Edward C. Wadewitz, 39 T.C. 925, affd. 339 F. 2d 980. Since petitioner's wife was living during 1960 and was still living at the time of trial, his arguments relating to what could happen to his retirement pension in the event of his death without a surviving widow have little force. If he had died during the year in issue, his wife would have survived and she was then and is currently entitled to receive certain survivorship benefits under the New Jersey statutes in the event of her husband's death. Although the New Jersey legislature may very well possess the constitutional power to amend or repeal the statutes relating to pension benefits for policemen, we are not entitled to presume that it will do so. Miller v. Commissioner, supra. It is therefore clear that during 1960 the petitioner possessed irrevocable rights in the benefits of the pension fund entitling him to the fruits of the $270 amount in question. We therefore hold that the $270 amount withheld from petitioner's salary during 1960 and paid into the New Jersey Consolidated Police and Firemen's Pension Fund constitutes *271 compensation within the meaning of section 61(a) of the 1954 Code and is taxable to him for that year. See Hackett v. Commissioner, 159 F. 2d 121, affirming 5 T.C. 1325; Renton K. Brodie, 1 T.C. 275; and Miller v. Commissioner, supra.
Decision will be entered for the respondent. Footnotes
1. SEC. 61. GROSS INCOME DEFINED. (a) General Definition. - Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;↩